## STATE v. KENESTON.

In an indictment for an offence created by statute, it is, in general, sufficient to describe the offence in the words of the statute.

" Certain pieces of false and counterfeit coin, in imitation of the silver coin current within the state by law and usage, to wit, five pieces called twenty-five cent pieces, and five pieces called dimes," is a sufficient description in an indictment upon Gen. St., c. 258, s. 9.

When a general intent to defraud is sufficient to constitute an offence, the allegation of a general intent to defraud is sufficient in the indictment, and it is not necessary to allege or prove an intent to defraud any particular person, or the way and manner in which the fraudulent intent is to be consummated.

INDICTMENT upon Gen. St., c. 258, s. 9, alleging that the respondent, at Epping, August 15, 1877, "did then and there unlawfully have in his possession certain pieces of false and counterfeit coin, in imitation of the silver coin current within the state by law and usage, to wit, five pieces called twenty-five cent pieces, and five pieces called dimes, knowing the same to be so false and

counterfeit, with intent that some person should be defrauded."
The defendant moved to quash the bill, because,—

1. It does not appear what silver coins current within this state
by law and usage were imitated; nor whether the coins imitated
were coins of the United States, or other coins, nor whether they
were there current, etc.

2. The bill does not state what person the defendant intended to
defraud, nor that the person was to the grand jurors unknown.

3. The bill does not state how, in what manner, nor by what
means the defendant intended to defraud any person.

*Hatch* and *Smith*, for the defendant.

*Harriman, Solicitor*, and *Towle*, for the state.

CLARK, J. The indictment in this case is in the language of
the statute. The offence is one created by statute; and where the
words of the statute are descriptive of the offence, it is sufficient if
the indictment follows the language of the statute. *State* v.
*Goulding*, 44 N. H. 284, 287; *State* v. *Gove*, 34 N. H. 510; *Com.*
v. *Cone*, 2 Mass. 135; Wharton Am. Cr. Law 364; *State* v. *Ab-
bott*, 31 N. H. 434.

The false coin is described in the indictment as "certain pieces
of false and counterfeit coin, in imitation of the silver coin current
within the state by law and usage, to wit, five pieces called
twenty-five cent pieces, and five pieces called dimes." This is a
sufficient description. Wharton Am. Cr. Law 363; 2 Bishop Cr.
Proc. 265, 266, 704; *Com.* v. *Stearns*, 10 Met. 256; *State* v. *Ma-
hanna*, 48 N. H. 377.

To constitute the offence described in the statute, it is not neces-
sary to prove that the defendant intended to defraud any particular
person. A general intent to defraud is sufficient, and therefore the
allegation of a general intent to defraud is sufficient in the indict-
ment. The description of the offence is as full and complete as it
is possible to make it from the nature of the case. The offence con-
sists in having the false coin in possession with the intent to
defraud, and proof of those facts will sustain the indictment,
although it may not appear that the defendant had any definite
purpose as to the way and manner of using the false coin, or an
intent to defraud any particular person. The offence is fully and
plainly, substantially and formally, described in the indictment,
and no greater degree of certainty is required by the rules of crim-
inal pleading or the bill of rights. *Commonwealth* v. *Morse*, 2
Mass. 128; *Commonwealth* v. *Hulbert*, 12 Met. 446; *Commonwealth*
v. *Butterick*, 100 Mass. 12, 17; *State* v. *Hastings*, 53 N. H. 452,
457.

*Motion to quash denied.*

ALLEN, J., did not sit: the others concurred.