## HALE *v.* THE STATE.

1. The essence of forgery is the making of a false writing with the intent that it shall be received as the act of another than the party signing it, and the misspelling of the name of the ostensible signer will not prevent the act from being a forgery.
2. The evidence was sufficient to authorize the verdict.

Argued April 23, — Decided May 10, 1904.

Indictment for forgery. Before Judge Roan. Fulton superior court. March 5, 1904.

*S. C. Crane*, for plaintiff in error.
*C. D. Hill, solicitor-general*, contra.

EVANS, J. 1. The alleged forged check purports to have been signed by " J. A. Grier;" the witness offered by the State to show the falsity of the check was J. A. Greer, who spelled his name G–r–e–e–r. There was testimony that the defendant stated the alleged maker was a commission man; and J. A. Greer, the witness did a commission business in the locality where defendant uttered

the check as true.    Objection was made to receiving the check in evidence because it was signed " J. A. Grier," as maker, and the State's witness to prove the alleged forgery was named J. A. Greer, and there was no proof that " J. A. Grier" had not made and signed the check.    The court admitted the check in evidence. The false making of the writing, the intent to defraud, and the tendency and capacity of the writing to prejudice the right of another person are the essential ingredients in the crime of forgery.    Whether spelled " Greer" or " Grier," the pronunciation of the name is the same, and the evident tendency of the writing is to prejudice the right of another.    In cases of counterfeiting, the similitude of the false writing to the genuine should appear ; but in forgery, the essence of the wrongful act is the execution of the writing with intent that it shall be taken as the act of some other than the person signing.    It is not at all necessary there should be a resemblance between the forged and genuine signatures.    If the name affixed to the forged instrument be such as to indicate a given individual's name is intended, it is immaterial that the true name is misspelled.    Thus it was held in North Carolina that a forged order signed " J. M. Hawood " was such a false writing that from its nature and the course of business it might deceive another as having been executed by " J. M Haywood." State *v*. Covington, 94 N. C. 913.    A due-bill signed " Mr. Daniel Threet," if forged or uttered with intent to deceive in the neighborhood in which one " Daniel Thweatt " lives, will support an indictment for forgery.    Gooden *v*. State, 55 Ala. 178.    These and other authorities are to the effect that the misspelling of the name of the ostensible signer will not prevent the act from being a forgery.

2. Forgery and falsely uttering as true a forged instrument may be charged in the same count. *Thomas* v. *State*, 59 *Ga.* 784. It is essential to a conviction for uttering a forged paper that it was published as true when the party knew it to be fraudulent, and with intent to injure some one. These elemental constituents of the offense were proved in the present case. Carpenter, the person named in the indictment as the party to whom the check was uttered as true, was actually defrauded in the sale of his groceries and paying the cash difference between the purchases made by the accused and the face value of the check. The accused represented to Carpenter that

the check was given to him for work done for Greer. The accused sought to establish an alibi, but relied on no other defense. If, as the jury was warranted in finding, he was really the person who uttered the check, his knowledge of the forgery might well have been inferred from his simulating the name of Johnson when he claimed to be the holder of it; his presentation of the check after banking hours; his false statement that he had worked for Greer, a commission man, who had given him the check too late for him to get the money on it, and that it was Saturday night and he was obliged to get the check cashed in order to buy some groceries for immediate use. The verdict of the jury has the sanction of the trial judge; and as no error of law was committed, the verdict will not be disturbed.

*Judgment affirmed. All the Justices concur.*