28734.   GRIER *v.* THE STATE.

DECIDED FEBRUARY 7, 1941.   REHEARING DENIED APRIL 3, 1941.

*Wesley R. Asinof,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MACINTYRE, J. J. E. Grier was convicted of forgery on all four counts in the indictment. Count 1 charged that the defendant "did wrongfully, falsely, and fraudulently make, sign, and forge the name of C. L. Corley (meaning thereby C. F. Corley) on and to a certain check and writing which was in form and substance as follows: 'Main office The Fulton National Bank, Atlanta, Ga. 2-7-1940. Pay to the order of J. E. Grier . . $4.00. Four and 00/100 . . dollars. C. L. Corley,' said signing as aforesaid of the name of C. L. Corley (meaning thereby C. F. Corley) to said check and writing being done without legal warrant or authority and with intent to defraud the said C. F. Corley." Count 2 charged the uttering etc. of said check. Count 3 charged the making of another check, differing from the first only as to amount and the bank upon which it was drawn. Count 4 charged the uttering of this second check. The defendant's motion to set aside the verdict and judgment was overruled, and he excepted.

What is herein decided applies to both checks; for with reference to both the defendant contends in his brief: "The bill of indictment shows on its face that the plaintiff in error's [defendant's] intention to sign the name of C. F. Corley failed of its accomplishment, therefore the criminal act failed. One of the main elements of the State's case was to allege and prove that the plaintiff in error signed the name of a person who actually was in existence and who was defrauded by such a signing, but nowhere in the indictment is it alleged that the plaintiff in error signed the name of the person whom he intended to sign." In support of his contention the defendant relies primarily on *Hicken* v. *State,* 96 *Ga.* 759 (22 S. E. 297), where it was held: "An indictment charging that the accused did 'make and forge the following check for money, to wit: "No. 26. Marietta, Georgia, July 17th, 1894. The First National Bank. Pay to the order of Mrs. Anna Lyons twenty-five dollars 00/100. $25.00. E. C. Henderson," meaning C. E. Henderson of the firm of Henderson and Austin,' etc., is not a good indictment for forgery. It does not charge the forgery of the name of any person alleged to be actually in existence, but

at most only charges a mere intention to forge the name of a real person bearing the name of C. E. Henderson, and shows on its face that this intention failed of accomplishment."

We are not concerned here as to when a false representation as to the use of the name of a fictitious person is an offense other than as applied to the offense of forgery. Our forgery statutes fail to provide a punishment for drawing or uttering a bank check in a fictitious name. *Brazil* v. *State,* 117 *Ga.* 32, 36 (43 S. E. 460). This is not, however, true as to a bank check to which the signature of a person actually in existence has been forged. Upon an examination of the record in the *Hicken* case, we find that the defendant there called upon the State by demurrer to make the allegation in the indictment plain as to whether it was charging that the name signed was intended to be that of a real person or that of a person not in existence, that is, a fictitious person; and he was entitled to this information. This is particularly so; for while it might be a criminal offense under the Georgia statutes to so sign the name of a fictitious person to other instruments designated by statute, yet the signing of a fictitious name to a check is not forgery under our statute, and an indictment undertaking to charge forgery for such an act is not good. *Brazil* v. *State,* supra. If the indictment in the *Hicken* case, supra, had left out the words "meaning C. E. Henderson of the firm of Henderson and Austin," it would have withstood the demurrer above referred to; for the presumption would have been that the name signed was the name of a person in existence; but when the pleader (the State) added the words above quoted, the indictment became ambiguous and indefinite, and a demurrer raising the special objection that it did not put the defendant on sufficient notice as to whether he was charged therein with signing to a check a name which he intended to be the name of a person in existence, which person was C. E. Henderson, or whether he intended to sign the check with the name of a person not in existence, which was that of a fictitious person whom the defendant denominated or named "E. C. Henderson," but which he meant those he intended to defraud to believe was the name of "C. E. Henderson," a real person, or whether it charged the mere intent to forge the name of a real person but failed in its accomplishment, was properly sustained; for, construing the pleadings (the indictment) strictly against the pleader (the

State), it did "not charge the forgery of the name of any person alleged to be actually in existence."

It might be noted that the generally recognized able solicitor, the Honorable C. D. Hill, who was solicitor-general in the *Hicken* case, where it was held that the indictment was not good as against demurrer, was likewise solicitor-general in the later case of *Hale* v. *State*, 120 *Ga*. 183 (47 S. E. 531). In the *Hale* case, Solicitor Hill, apparently attempting to avoid making the same error he had previously made in drawing the indictment in the *Hicken* case, charged that the defendant Hale "did falsely and fraudulently make and forge the following check for money to wit: 'Atlanta, Ga., Nov. 28th, 1903, No. 1171. Maddox and Rucker Banking Co. Pay to the order of Cash $9.00. Nine Dollars. J. A. Grier.' With intent to defraud said J. A. Grier." In the *Hale* case, there was no demurrer to the indictment; and although the State alleged that the forged check purported to be signed by "J. A. Grier," yet the witness offered by the State to show the falsity of the check was allowed to testify that he spelled his last name "G-r-e-e-r," and the court allowed the State to prove that the defendant merely misspelled the name, and that the defendant intended to sign the name "G-r-e-e-r," a person in existence, and the check was allowed in evidence over the objection that the State's evidence showed that the defendant signed the check "G-r-i-e-r," when he intended to sign and forge the name of "G-r-e-e-r," a real person.

"Three essential elements are generally prescribed as necessary to constitute the offense of forgery: (1) There must be a false writing or alteration of an instrument; (2) the instrument as made must be apparently capable of defrauding; and (3) there must be an intent to defraud." 23 Am. Jur. 678, § 6. "The false making of the writing, the intent to defraud, and the tendency and capacity of the writing to prejudice the right of another person are the essential ingredients in the crime of forgery." *Hale* v. *State*, supra, "There is in the entire catalogue of crimes no one which can be more readily and simply charged, after common-law rules, than forgery. Yet from early times the framers of indictments have been in the habit of introducing into their allegations for this offense needless matter, often in such form as to be descriptive and so to require proof of what otherwise might be re-

jected as surplusage,—the compilers of books of precedents have brought together and preserved the awkward forms as though they were bars of gold,—unskilled pleaders have been bewildered by the confused and incongruous glitter; and, at last, legislation has interfered, in England and in some of our States, to remove hardships which did not exist, and to make smooth what required no smoothing." 2 Bishop's Directions and Forms, 253, § 453; See *Wingard* v. *State,* 13 *Ga.* 396. In the instant case the indictment charges that the defendant "did wrongfully, falsely, and fraudulently make, sign, and forge the name of C. L. Corley (meaning thereby [to sign the name of] C. F. Corley [a real person]) on and to a certain check and writing which was in form and substance as follows: 'Main office The Fulton National Bank, Atlanta, Ga. 2-7-1940. Pay to the order of J. E. Grier . . $4.00 Four and 00/100 . . Dollars. C. L. Corley,' said signing as aforesaid of the name of C. L. Corley (meaning thereby [to sign the name of] C. F. Corley [a real person]) to said check and writing being done without legal warrant or authority and with intent to defraud the said C. F. Corley." (Brackets ours.) There was no demurrer to this indictment as in the *Hicken* case. The defendant here waited until after verdict and judgment and filed a motion to set aside the verdict and judgment on the ground of certain alleged defects on the face of the indictment. After verdict, every presumption is in favor of the verdict. Giving to this indictment that liberal interpretation in favor of the State which the law authorized in the absence of a demurrer (*Gazaway* v. *State,* 9 *Ga. App.* 194, 70 S. E. 978; *Green* v. *State,* 109 *Ga.* 536, 540, 35 S. E. 97), we think the judge was authorized to interpret the indictment as charging that C. F. Corley was a person actually in existence, and that the defendant made a false writing with the intent that it should be received as the act of C. F. Corley, and the misspelling of the ostensible name signed to it did not prevent the act from being a forgery although the name was misspelled and incorrectly written C. L. Corley and so resembled the true name that it was calculated to deceive. The instant case is distinguishable from the *Hicken* case, supra; for in that case the defendant having raised special objection to the indictment by demurrer, the trial judge was bound by the rule that the indictment should be strictly construed against the pleader (the State), whereas in the instant case

there was no demurrer, and the judge was authorized to follow the rule that on the motion to set aside the verdict and judgment the indictment must be construed most strongly against the defendant. *Gazaway v. State,* supra; *Green v. State,* supra; *Townsend v. State,* 92 *Ga.* 732 (19 S. E. 55); *Barron v. State,* 12 *Ga. App.* 342, 345 (77 S. E. 214); *Draper v. State,* 6 *Ga. App.* 12 (64 S. E. 117); Code, § 27-1601; *Lewis v. State,* 55 *Ga. App.* 743 (4) (191 S. E. 278).

We do not think that the defect in the indictment in the instant case was so substantial as to render the trial entirely nugatory.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*