### 40370. NIX v. THE STATE.

JORDAN, Judge. The grand jury of Meriwether County returned an indictment against William T. Nix, charging him in count 1 with the offense of forgery and in count 2 with the offense of passing a forged instrument. It was alleged in count 1 of the indictment that the defendant on March 14, 1962, "in the county aforesaid did then and there unlawfully, wrongfully, falsely and fraudulently make, sign, and forge the name of J. C. Ellerbee, as endorser, on and to a certain check and writing, which was in form and substance as follows: 'Countersigned, not as co-maker or Indorser No. 19
/s/ J. R. West        Greenville, Ga.        3-14-1962
Farmers Home Administration
Pay to the Order of        J. C. Ellerbee        $900.00
Nine Hundred _____ Dollars
For Contract Labor
To The Greenville Banking Co.   *William T. Nix'*
        Greenville, Ga.
Endorsed on back:
'/s/   J. C. Ellerbee
/s/   William T. Nix'
Said signing as aforesaid of the name of J. C. Ellerbee, as endorser to said check and writing being done without legal warrant or authority and with intent to defraud the said J. C. Ellerbee and the Greenville Banking Company, contrary to the laws of this State, the good order, peace and dignity thereof." In count 2 it was alleged that the defendant "did wrongfully, falsely and fraudulently utter and publish as true, and did pass, pay and tender in payment, knowing the same to have been forged" said check with intent to defraud the said J. C. Ellerbee and the Greenville Banking Company upon whom the defendant did utter and pass said check.

The defendant's general demurrer to said indictment was over-ruled by the trial court, and the exception is to that judgment. *Held:*

Under the provisions of *Code* § 27-701, "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." The alleged forged check is fully set out in the indictment, and all averments in relation to it are in the terms and language of *Code* § 26-3913, under which the indictment is framed. The essential elements necessary to constitute the offense of forgery under this Code section are the false making of the instrument, the intent to defraud and the tendency and capacity of the writing to prejudice the right of another person. *Hale v. State,* 120 Ga. 183, 184 (47 SE 531); *Grier v. State,* 64 Ga. App. 718, 721 (13 SE2d 909).

The check set out in the indictment was of apparent "legal efficacy" and thus had the capacity to be the subject matter of a forgery, *Brazil v. State,* 117 Ga. 32 (1) (43 SE 460), and it was alleged in the indictment that the defendant forged the name of the payee on said check with intent to defraud said payee and the drawee bank. That such intent existed and the mode by which the fraud could be accomplished are matters of evidence to be proved by the State upon the trial of the case, and it was not necessary to allege in the indictment in what manner or by what means the consummation of fraud would be possible in order for the indictment to withstand a general demurrer. *Travis v. State,* 83 Ga. 372 (9 SE 1063); *Billups v. State,* 88 Ga. 27 (13 SE 830); *McLean v. State,* 3 Ga. App. 660 (60 SE 332). The fact that the defendant was the maker of the subject check and that the same was drawn on funds in his account and honored by the drawee bank does not, as contended by counsel for the defendant, render impossible the consummation of the alleged fraudulent intent as these circumstances do not preclude the use by the defendant of the alleged forged instrument in a scheme to defraud the payee or drawee bank as alleged in the indictment.

The trial court did not err, therefore, in overruling the defendant's general demurrer to the indictment.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

Decided November 12, 1963—Rehearing denied November 26, 1963.

*George C. Kennedy, H. Briscoe Black,* for plaintiff in error. *Wright Lipford, Solicitor General,* contra.