Commonwealth *v.* Green, Appellant.

540

Argued March 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Daniel F. Knittle,* for appellant.

*Henry G. Hager, 3rd,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 17, 1965:

Appellant was elected sheriff of Lycoming County in 1959 for a term of four years and took office in January, 1960. He was re-elected for a second four year term beginning on the first Monday of January, 1964. During the last year of his first term the appellant as sheriff wrote false receipts signing the name "Clifford Phillips" to them and attached them to pay vouchers which he submitted to the county controller for pay-

ment, received money thereon and kept the same for his own personal use. In addition he made other false receipts, made false duplications on a number of vouchers and receipts, and made other false entries on the vouchers with the design of obtaining additional overpayments to himself as sheriff which he also kept for his personal use. Appellant admits that he submitted the falsifed vouchers and receipts for the purpose of receiving overpayments by deceiving the county controller.

The name "Clifford Phillips" was signed to receipts purporting to be for money paid to Clifford Phillips by the appellant for services rendered as a special deputy sheriff. In fact, Phillips, a former deputy sheriff, rendered no service and was not paid the money received by the appellant who kept the funds for his own personal use. Twenty-eight counts of forgery and twenty counts of misdemeanor in office stem from these transactions.

In addition, the appellant had all his special deputies sign receipts in blank which he then filled in himself. On some of these a part of the money claimed by the appellant was actually paid to the deputy and the balance was kept by the appellant for his own personal use. The remainder of the receipts in evidence were filled in by the appellant and submitted to the controller for payment for services never rendered and the money received was also kept by the appellant for his own personal use. In addition to the false entries on the vouchers corresponding with the falsified receipts, the appellant further falsified the vouchers by entering items for meals for special deputies and prisoners being transported to various penal institutions. These entries were in excess of reimbursements to the deputies and frequently were for meals which never took place. All of this money was kept by the appellant for his own use. Eleven counts of cheating by

false pretenses and eleven counts of misdemeanor in office resulted from these transactions.

Thus appellant was indicted by the grand jury of Lycoming County on seventy counts. A demurrer to the eleven counts of cheating by false pretenses was sustained by the trial court on the basis that the crime requires an intent to cheat a person and that the indictments alleged that the intention of the appellant was to cheat the County of Lycoming which is not a person as the term is defined by The Penal Code.

The appellant was tried on the following counts: counts 1 through 20 for forgery for making the receipts purporting to be signed by Clifford Phillips; counts 21 through 40 for misdemeanor in office for committing the forgery set forth in counts 1 through 20; counts 41 through 48 for forgery for uttering certain of the receipts purported to have been signed by Clifford Phillips; and counts 60 through 70 for misdemeanor in office for obtaining money from the County of Lycoming by false pretenses as set forth in the dismissed counts of cheating by fraudulent pretenses.

On May 22, 1964, the jury returned a verdict finding the appellant guilty on all counts which had been submitted to it. Motions in arrest of judgment and for a new trial were filed by the appellant and in due course were refused by the court below sitting en banc. On November 19, 1964, the appellant was sentenced to pay the costs of prosecution, undergo imprisonment in the Lycoming County Prison for not less than six nor more than thirty months, and to make restitution to Lycoming County in the amount of $305.00. The next day an appeal was filed in this court and a supersedeas staying sentence was granted by a member of this court. The appellant is now at liberty on bail.

Appellant urges numerous arguments upon this court. First, he claims that he cannot be convicted of forgery because there was nothing to show that he did

544

anything to the prejudice of the rights of Clifford Phillips. He is correct in stating that one of the elements of forgery is that the instrument made or uttered must prejudice the rights of another. Section 1014 of The Penal Code of 1939, 18 P.S. 5014. The forgery counts of this indictment named Clifford Phillips as the person whose rights were prejudiced. However, he is wrong in asserting that those rights were not shown to be prejudiced. The rights prejudiced under the forgery statute do not have to be pecuniary or property rights but include any and all rights. *Commonwealth v. Powers*, 110 Pa. Superior Ct. 319.

Clifford Phillips had a right not to have his name signed to a false receipt. He had a right to be free from unwarranted prosecution or unwarranted investigation by income tax authorities, as pointed out by the court below. He had a right to privacy and a right to keep his good name, both of which could be damaged by the publicity caused by appellant's actions. We have no difficulty in finding, as the jury found, that Phillips' rights were prejudiced by the appellant's unauthorized signature of his name.

Appellant would have us hold that the rights prejudiced must be those of the person who accepts the forged instrument. We do not understand this to be the law. In *Commonwealth v. Powers*, supra, the persons whose rights were held to be prejudiced were not those accepting the forged document but those whose names appeared on it. We hold that *Powers* is a proper precedent for the case now before the court and that the rights prejudiced need not be those of the person who has accepted the forged instrument. This accords with the language of the forgery statute which requires only "prejudice of another's right."

In the second place, the appellant says that he cannot be convicted for forgery because it is not shown that the fraudulent receipts were made with intent to

defraud any person or body corporate. However, it has been held otherwise by both the Supreme Court of Pennsylvania and this court. In *McClure v. Commonwealth*, 86 Pa. 353, decided in 1878, and in *Commonwealth v. Sheaffer*, 149 Pa. Superior Ct. 51, decided in 1941, it was held that in a forgery conviction it is not necessary to prove an intent on the part of the defendant to defraud any particular person but it shall be sufficient to prove a general intent to defraud. It was in this manner that the court below correctly charged the jury.

Appellant argues that the requirement that a general intent only be shown is based on a procedural statute passed in 1860 and is contrary to the exact wording of the forgery section of The Penal Code of 1939 which requires that a fraudulent instrument be made "with intent to defraud any person or body corporate." The procedural statute to which he refers is Section 19 of the Act of March 31, 1860, P. L. 427, 19 P.S. 331, which specifically states that in a trial for forgery "it shall not be necessary to prove any intent on the part of the defendant to defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with an intent to defraud." It was this very statute that was construed by Chief Justice AGNEW in *McClure*, cited above. At the time of that decision the penal statute in effect defining forgery was Section 169 of the Act of March 31, 1860, P. L. 382. With the exception of the penalty and the inclusion of certain instruments later omitted, its wording was exactly the same as the wording in Section 1014 of The Penal Code of 1939, 18 P.S. 5014, the statute under which the present indictments are laid, including the words "with intent to defraud any person or body corporate." The Penal Code of 1939 made no change in the statutory enactments in existence in 1878 when *McClure* was decided, and we are therefore bound by an exact precedent laid down by a higher court. The

doctrine of stare decisis controls. Who can doubt that the appellant made and uttered fraudulent receipts with intent to defraud? His design was to procure money wrongfully. His purpose was dishonest and injurious. That is all that the law requires.

Appellant objects that the trial judge did not charge the jury that they could not find a verdict of guilty unless they found that the acts alleged in the forgery counts were to the prejudice of Clifford Phillips. However, the trial judge affirmed and read appellant's point No. 8 for charge to the jury which said exactly what the appellant claims was not included in the charge. Appellant's point No. 8 for charge upon its affirmance became part of the charge and having been read to the jury cured any defect which might have existed in the general charge. Appellant further objects to the charge on forgery where the court said: "It is not necessary to prove an intent on the part of the defendant to defraud a certain individual. It is sufficient to show that the defendant did the act charged with an intent to defraud." As we pointed out in the preceding paragraphs of this opinion, that is a correct statement of law and the appellant's objection is not well taken.

Appellant claims that he could not be convicted of the common law crime of misconduct in office under the facts of this case.

The common law crime of misconduct in office, variously called misbehavior, misfeasance or misdemeanor in office, means either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive. *Commonwealth v. Peoples et al.*, 345 Pa. 576 at 579; *Commonwealth v. Evans et al.*, 190 Pa. Superior Ct. 179 at 225.

Appellant claims that he could not be convicted of misconduct in office on counts 21 through 40 unless he

was guilty of forgery as set forth in counts 1 through 20. The court below so charged the jury. However, the appellant was found guilty of forgery on counts 1 through 20 and we have held that such conviction was proper. This contention of the appellant therefore falls of its own weight.

Appellant next argues that he could not be convicted of misconduct in office on counts 60 through 70 because they were dependent upon the appellant being found guilty of false pretenses under counts 49 through 59 to which a demurrer had been sustained by the court below. However, conviction on the misconduct counts was not made dependent upon conviction on the false pretense counts by the court below either specifically or by inference. All that was necessary for conviction on the misconduct counts 60 through 70 was that the Commonwealth show the elements of the common law crime of misconduct in office, as defined above, beyond a reasonable doubt. In order to make it clear that the conviction of misconduct in office counts was not dependent upon conviction on the fraudulent pretense counts the court rephrased the counts by eliminating reference therein to the counts which had been stricken out on demurrer. The inclusion of the reference to the dismissed indictments in the misconduct indictments was a formal defect which the court had a right to strike out at trial under its powers of amendment given by the Act of March 31, 1860, P. L. 427, 19 P.S. 433. Appellant questions this amendment in another argument.

He alleges that the court committed fundamental prejudicial error by amending count 60. That count alleged that the defendant committed wilful misconduct by false pretense, "as set forth in the 49th count above, thereby working injury to the County of Lycoming." The court amended count 60 by inserting in place of the above quoted words, "to wit, by submitting to

the County of Lycoming a false and fraudulent expense voucher." Prior to the trial the court had stricken count 49 on a demurrer because a charge of cheating the county would not sustain a charge of cheating by fraudulent pretenses, the Act of Assembly requiring that it be shown that a person was defrauded and a county is not a person. In amending count 60 all that the court did was substitute the wording of the cheating by fraudulent pretense count for the words "as set forth in the 49th count above", which meant exactly the same thing. This was a formal defect in the indictment which the court had a right to amend at any time. *Commonwealth v. Lawton*, 170 Pa. Superior Ct. 9. The appellant was in no way prejudiced by the amendment of count 60. He knew at all times that he was being charged with the offense alleged in count 60 and that count 60 charged acts on his part as set forth in count 49. Therefore, he knew exactly what he would have to face. The same reasoning applies to counts 61 through 70 on which the appellant was also convicted.

The appellant objects to the fact that the trial court in charging on counts 60 through 70, misconduct in office, defined false pretenses by the same definition used in defining the crime of cheating by fraudulent pretenses. We fail to see how this hurt the defendant. This definition placed a greater burden on the Commonwealth than does the crime of misconduct in office as usually defined. An improper motive will support misconduct in office. As a false pretense was defined by the court it was necessary to find an intent to cheat and defraud. The appellant was not harmed by this portion of the charge. Appellant then argues that if it was proper for the court to charge on false pretenses, the charge was incorrect because the court didn't tell the jury that property must be obtained from another to support the crime. However, whether or not the court properly defined the crime of cheating

by false pretenses is not the issue. The issue is whether or not the court properly charged on the common law crime of misconduct in office and it did. The crime of misconduct in office is not limited to obtaining property from another but it is supported if there is an injury to the public or an individual. Injuries to the County of Lycoming, if all other elements were present, would support the crime of misconduct in office.

We have examined all of the objections made by the appellant either in the nature of errors appearing on the face of the record or of errors in the charge or rulings of the trial court and we find no substance in any of them. The appellant does not argue that the evidence was insufficient to sustain the convictions or that the convictions were contrary to the weight of the evidence, but bases his appeal solely on the alleged errors. For the reasons set forth in the foregoing opinion we have come to the conclusion that the court below was correct in overruling the defendant's motions in arrest of judgment and for a new trial.

Judgment of sentence affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he shall have complied with his sentence or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.

WATKINS and HOFFMAN, JJ., dissent.