## 56858. FREEMAN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his burglary conviction. *Held:*

1. The evidence was sufficient to sustain the verdict and it was not error to overrule the defendant's motion for directed verdict of acquittal.

2. It is urged that certain questions propounded to a prosecution witness tended to elicit impermissible comment on the defendant's right to remain silent. However, no objection was interposed to such testimony. Hence, this ground shows no reversible error. *Tiller v. State,* 238 Ga. 67(1) (230 SE2d 874); *Alderman v. State,* 241 Ga. 496, 504 (246 SE2d 642); *Paschal v. State,* 139 Ga. App. 842, 844 (229 SE2d 795).

3. After the verdict, at the request of counsel for defendant, the jury was polled. Although no request was made as to the form of the question asked the jury, error is now assigned on the failure to inquire of the jury "Was it [the juror's verdict] freely and voluntarily made?"

The trial judge asked "Was this your verdict in the jury room?" and "Is this now your verdict?" Those questions "meet the minimum requirements of the defendant's right to a poll of the jurors." *Burnett v. State,* 240 Ga. 681, 688 (11) (242 SE2d 79). It has been further held by the Supreme Court that having asked the mandatory questions, "[i]t was not error to refuse to ask

each juror the additional question of whether the verdict was 'voluntarily agreed upon.'" *Hudson v. State,* 237 Ga. 241 (3) (227 SE2d 257).

Our Supreme Court has not chosen to adopt any of the reasoning found in *Ponder v. State,* 11 Ga. App. 60 (74 SE 715). The last ground therefore is without merit.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED NOVEMBER 6, 1978 — DECIDED DECEMBER 5, 1978.

*Eugene A. Deal,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, H. Allen Moye, R. David Petersen,* Assistant District Attorneys, for appellee.