*Assistant District Attorney,* for appellee.

## 57155. MEREDITH v. THE STATE.

WEBB, Judge.

Robert Meredith appeals his conviction of five counts of forgery in violation of Criminal Code § 26-1701,[1] and three counts of making a false material statement in an application for a certificate of title in violation of Code Ann. § 68-431a (a) (4).[2]

The thrust of the prosecution was that Meredith, trading in used automobiles as Meredith Chevrolet in Lavonia, bought for resale high-mileage, former Hertz rental automobiles and then caused his mechanics to roll back the odometers so that their mileage, as rolled back, would be consistent with that which his purchasers would expect on private automobiles of that age; that since he was assigned valid Florida titles indicating the lease background of the automobiles it became necessary for him to "wash" the titles of their Hertz origin; that accordingly he caused his employees to forge names and signatures on bogus bills of sale from his inactive corporation in Alabama (a non-title state at that time), as well as on certificates of inspection known as Form T22B, these documents being then submitted (as required in the

---

[1] "A person commits forgery in the first degree when, with intent to defraud, he knowingly makes, alters or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, or at another time, or with different provisions or by authority of one who did not give such authority and utters or delivers such writing."

[2] "(a) Felonies. — A person who, with fraudulent intent: . . . (4) uses a false or fictitious name or address or makes a material false statement, or fails to disclose a security interest, or conceals any other material fact, in an application for a certificate of title . . . is guilty of a felony."

case of automobiles from non-title states) in support of applications for Georgia certificates of title on Form MV-1, the applications also falsely stating that the automobiles were sold to Meredith Chevrolet in Lavonia by the Alabama corporation but which, in truth, had never owned the automobiles; and that the Georgia certificates of title, so obtained without reference to the Hertz Florida titles, were transferred to Meredith's purchasers of the automobiles with the rolled-back odometers.

Thus as an example on June 17, 1975, a 1974 Chevrolet Malibu, titled in Florida, was sold to Meredith Chevrolet by Hertz for $2,200, the documents in connection with this sale and assignment of title showing the mileage to be 51,477; on June 18 the Georgia certificate of title was issued to Meredith on the basis of forgeries and misrepresentations as outlined above; and on June 19 Meredith resold the automobile for $2,900 with odometer rolled back to 14,483.

No demonstration of reversible error has been made in this appeal, and we affirm.

1. Meredith first contends that the indictments were unlawfully obtained by the Attorney General, who assertedly has no power to act as a "roving district attorney." We find no merit in these enumerations of error.

Our Constitution provides: "It shall be the duty of the Attorney General . . . to represent the State. . . in all . . . criminal cases in any court when required by the Governor. . . . " Constitution of 1976, Art. VI, Sec. X, Par. II (Code Ann. § 2-3902). Code Ann. § 40-1610 provides: "The Governor shall have power to direct the Department of Law, through the Attorney General as head thereof, to institute and prosecute in the name of the State such matters, proceedings, and litigations as he shall deem to the best interest of the people of the State."

By letter of November 22, 1977, the Governor notified the Attorney General as follows: "Pursuant to the authority vested in me as Governor by the laws of this State, and in particular by Code Section 40-1610, I hereby direct you as head of the Department of Law to institute and prosecute in the name of the State such matters and

proceedings against one Robert R. Meredith of Franklin County, Georgia which arose out of and in connection with the purchase and sale of certain motor vehicles by Meredith Chevrolet. My directions are predicated upon the results of your own preliminary inquiries and those investigations conducted by the Georgia Bureau of Investigation which have led me to conclude that the actions herein directed will serve the best interests of the people of the State of Georgia."

The indictments and prosecution were clearly authorized by these authorities and directives, and the argument that they are unwise and do not really mean what they appear to say must be directed elsewhere.

2. Meredith next argues that having fooled the Revenue Commissioner into issuing the certificates of title without taking administrative action against him, criminal prosecution is now barred. We can only reply as did Judge Powell in *Bryant v. State,* 8 Ga. App. 389 (1) (69 SE 121) (1910): "A point of legal argument may be well taken, or at lease plausible, for one of two reasons, — because of its inherent merit, or because it states a proposition which, while not inherently meritorious, has gained standing by reason of its announcement by some court . . . . As the point here presented is palpably without point, inherently considered, and as no decision from this or any other court is cited in support of it, we are led to believe that its only noteworthy characteristic is its novelty."

3. Contrary to Meredith's contentions, an in-dictment for forgery is not fatally defective in that it fails to allege an intent on the part of the accused to defraud a particular person (*Brazil v. State,* 117 Ga. 32 (1) (43 SE 460) (1903)), nor need it allege extrinsic facts to show the writing to be an efficient means of con-summating the fraud. *Nix v. State,* 108 Ga. App. 704, 705 (134 SE2d 551) (1963).

4. Meredith objected to evidence concerning the rolling back of the odometers on the ground, among other things, that Code Ann. § 68-1828 makes it a separate crime for which he was not indicted and that the evidence unduly placed his character in issue when he had not chosen to do so. However, the rolling back of the odometers

was part and parcel of the fraudulent scheme, and evidence as to it was not inadmissible for any reason assigned. *Spurlin v. State,* 228 Ga. 2, 4 (2) (183 SE2d 765) (1971); *Graddy v. State,* 135 Ga. App. 69 (2) (217 SE2d 393) (1975).

5. Meredith contends that since he had been in position to command Georgia titles to be issued to him predicated upon the prior assignment to him of the Florida titles, and since no intervening rights of owners or lienholders were affected, no criminal liability should attach to him simply because he obtained the certificates, which he was otherwise entitled to, via the forgeries and misrepresentations. He argues that no loss resulted from the forged documents themselves, but only from the rolling back of the odometers, if at all, and that consequently the offense of forgery was not made out.

These contentions are without merit. Clearly the evidence was sufficient for the jury to find that the Alabama corporation never owned the automobiles; that the signatures on the bogus bills of sale from that corporation, as well as on the T22B forms, were forgeries; and that these documents were of "apparent legal efficacy" so as to constitute the subject matter of forgery. *Brazil v. State,* 117 Ga. 32 (1), supra. In these circumstances it is not necessary that the documents, in and of themselves, caused loss, since "[i]n a prosecution for forgery it is not necessary to allege or prove that actual loss resulted from the forgery." *Barron v. State,* 12 Ga. App. 342 (1e) (77 SE 214) (1913); *Perkins v. State,* 29 Ga. App. 278 (1) (115 SE 27) (1922).

6. Meredith complains of the court's failure to give his request to charge Code § 38-121 as to the necessity of corroboration of an accomplice's testimony where the accomplice is the only witness. Since the putative accomplices were not the only witnesses this principle of evidence has no application. *Hall v. State,* 241 Ga. 252 (7) (244 SE2d 833) (1978); *Jones v. State,* 147 Ga. App. 583 (2) (1978).

7. The evidence was sufficient to convict, and remaining contentions and enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Banke, J.,*

*concur.*

ARGUED JANUARY 4, 1979 — DECIDED JANUARY 16, 1979 — REHEARING DENIED FEBRUARY 1, 1979 —

*Smith & Shiver, Truett Smith,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.