## 61439. RUTLAND v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of three counts of forgery in the first degree.

1. The evidence supports the verdict and it was not error to deny appellant's motion for directed verdict. *Partion v. State,* 148 Ga. App. 185 (1) (251 SE2d 2) (1978). In a prosecution for forgery " '. . . it is not necessary to allege or prove that actual loss resulted from the forgery.' [Cits.]" *Meredith v. State,* 148 Ga. App. 853, 856 (253 SE2d 220) (1979).

2. Without citation of authority appellant merely urges and argues as his first enumeration of error that certain testimony offered by a witness for the state was "prejudicial." Presumably most testimony by a state's witness in a criminal case is "prejudicial" to the defendant. Assuming without deciding, however, that this less than novel contention means that the testimony was otherwise inadmissible and objectionable as well as prejudicial, the transcript demonstrates that it was elicited by appellant's defense counsel on cross-examination. "Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, no matter how prejudicial it may be, if it is a direct and pertinent response to the question propounded. [Cits.]" *Rozier v. State,* 126 Ga. App. 336, 337 (190 SE2d 627) (1972). This is especially true in the instant case since defense counsel raised no objection to the response elicited by his question. See generally *Freeman v. State,* 148 Ga. App. 370 (2) (251 SE2d 389) (1978). In fact, the transcript reveals that, here, the appellant's attorney actively pursued the "troubling answers." See *Bennett v. State,* 153 Ga. App. 21, 24 (264 SE2d 516) (1980).

3. Appellant enumerates as error the overruling of his objection to the state's asking a leading question of one of its witnesses. " 'A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error. [Cits.]' [Cits.]" *English v. State,* 234 Ga. 602, 603-604 (216 SE2d 851) (1975). No such abuse of discretion on the part of the trial judge is shown in the instant case.

4. Appellant objected to testimony offered by the state's rebuttal witness on the grounds that it was not relevant and was not "rebuttal" testimony. The objection was overruled and the witness, who was the purported drawer of the checks and appellant's former employer, testified as to his usual practice in making out payroll checks. This testimony was clearly admissible to rebut appellant's testimony that the three checks had been given to him by the witness "[f]or working." See generally *Little v. State,* 164 Ga. 509 (1) (139 SE 37) (1927). The testimony was relevant, rebuttal in nature, and admissible. See *Woodward v. State,* 197 Ga. 60, 61 (7a) (28 SE2d 480) (1943).

5. Arguments that the trial court erred in failing to charge without request on the lesser included offense of forgery in the second degree are meritless. "It is well established that '[t]he trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without written request by the state or the accused, is not error.' [Cit.] Here no timely written request for a charge on the lesser included offenses was made." *McDougal v. State,* 152 Ga. App. 44 (262 SE2d 824) (1979). Cases relied upon by appellant predate the decision in *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976) and are, therefore, not authority to the contrary.

6. It was not error for any reason to deny appellant's motion for new trial.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 17, 1981.

*W. B. Mitchell,* for appellant.
*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.