Rockingham
No. 89-518

THE STATE OF NEW HAMPSHIRE

v.

ROBERT A. DEMATTEO

June 5, 1991

*John P. Arnold,* attorney general (*Mark E. Howard,* assistant attorney general, on the brief and orally), for the State.

*Stephen T. Jeffco P.A.,* of Portsmouth (*Stephen T. Jeffco* on the brief and orally), for the defendant.

HORTON, J.   The State takes appeal under RSA 606:10, II(c) from a decision of the Superior Court (*Gray,* J.) quashing a forgery indictment against the defendant for failure to specify the person or body corporate that the defendant sought to defraud. We vacate the court's order and reinstate the indictment.

The defendant was indicted on May 5, 1987, by a grand jury on one count of forgery, RSA 638:1. At a hearing on October 10, 1989, on the defendant's motion to dismiss for lack of a speedy trial, the defendant's counsel orally raised the issue of the sufficiency of the indictment. He asserted that the forgery statute and the constitution require identification of the intended victim of the defendant's act. After taking the issue under advisement, the trial court issued a written order, dated the same day, quashing the indictment on the ground that RSA 638:1 requires an indictment thereunder to include the specific object of the criminal intent. The court added that "[t]he State has alleged the highest degree of culpability, namely purposely, and it seems to the Court that with that degree of culpable mental state the indictment should set forth the object of such intent."

The material part of the statute in question, RSA 638:1, I(b), provides that: "A person is guilty of forgery if, with purpose to defraud anyone, . . . he: . . . (b) [m]akes, completes, executes, authenticates, issues, transfers, publishes or otherwise utters any writing so that it purports to be the act of another. . . ." The act of forgery is made a class B felony if the forged writing represents a check or other instrument representing a pecuniary interest in or claim against any person or enterprise. *See* RSA 638:1, III(b).

The indictment handed down against the defendant charged that he

"on or about the 26th day of February in the year of our Lord, one thousand nine-hundred and eighty-seven, at Portsmouth, in the County of Rockingham aforesaid, with force and arms, did commit the crime of forgery in that, with the purpose to defraud, he purposely uttered Colleen A. Freeman check #880, dated February 26, 1987, drawn on the New Hampshire Savings Bank of Portsmouth, and payable to Robert A. DeMatteo [sic] in the amount of $6500.00, knowing that the signature of the maker had been falsely made so that it falsely purported to be the act of the said Colleen A. Freeman[.]"

██ The defendant reads the forgery statute as requiring an allegation in the indictment as to whom he intended to defraud by uttering the forged check. However, the statutory requirement that the defendant act "with purpose to defraud anyone" does not suggest the conclusion that such purpose must be toward one specific person; rather, it suggests that the object of the fraud is "anyone" in the general community. The launching of the forged check into commerce is the crime, wherever the impact of the fraud may come to rest. The comments contained in the Model Penal Code show that the intent of the law is to protect the general public; forgery is made a crime in order to protect the integrity of commercial, legal, and other written documents and symbols. ALI, MODEL PENAL CODE AND COMM., Part II § 224.1, at 283 (1980). The harm that the statute seeks to proscribe flows from the act of making or uttering the fraudulent document. When someone purposely makes or utters a fraudulent document, with the intent that *anyone* will be injured, this element is met. *See, e.g., State v. Woodmansee,* 128 Vt. 467, 472, 266. A.2d 448, 451 (1970) (victim's identity not necessary element); *People v. Moyer,* 1 Ill. App. 3d 245, 249, 273 N.E.2d 210, 213 (1971) (identity of victim need not be alleged); *Meredith v. State,* 148 Ga. App. 853, 855, 253 S.E.2d 220, 222 (1979) (decided under similar version of criminal code; intent to defraud particular person not required); *State v. Raymo,* 419 So.2d 858, 859 (La. 1982) (same); *Teamer v. State,* 557 S.W.2d 110, 111 (Tex. Crim. App. 1977) (unnecessary to allege particular person defendant intended to defraud).

The State expresses a valid concern that to impose a showing of the specific object of intent would lead to nearly insurmountable problems of proof, for several reasons. For example, the question of who ultimately will be defrauded can be predicted with little certainty beforehand. Depending upon the legal relationships between

the utteree and any other parties to the instrument, one or more parties may bear the ultimate loss occasioned by the fraud. *See* RSA 382–A:3–404, :3–406, :4–207, and :4–406. We do not think that the legislature intended to require such a prescience as the basis for culpability when it enacted RSA 638:1. The language and purpose of the statute show otherwise.

■ The State relies on the language of RSA 601:5, which addresses the sufficiency of indictments containing an element of fraud. It provides that "[w]hen an intent to defraud is necessary to constitute any offense, it is sufficient to allege in the indictment or information such intent *generally*, and proof of an intent to defraud *some* person or body corporate is competent to support such indictment or information." (Emphasis added.) A general allegation of intent to defraud, without definition of a specific object, is sufficient for indictment under the wording of RSA 638:1, standing alone. The language of RSA 601:5 reinforces the conclusion that this forgery indictment, specifying an intent to defraud anyone in the public generally, is sufficient. *Accord Commonwealth v. Green*, 205 Pa. Super. 539, 546, 211 A.2d 5, 8–9 (1965) (statutory language "intent to defraud any person or body corporate" requires allegation of general intent only).

■■ RSA 601:5 is not, as urged by the defendant, rendered inapplicable by the fact that it predates the 1973 comprehensive enactment of the Criminal Code. Laws 1971, 518:1; Laws 1973, 370:29, :30. We will not deem a statute repealed by implication unless the statutory framework reveals no other alternative. *State v. Miller*, 115 N.H. 662, 663, 348 A.2d 345, 346 (1975). For an intent to defraud, "a general intent to defraud is ordinarily sufficient; it is not necessary that the defendant intend to defraud a particular person. . . . The defendant need only intend to defraud a person unknown, the actual victim, or the public generally." 4 C. TORCIA, WHARTON'S CRIMINAL LAW § 494, at 117 (14th ed. 1981). We see nothing in the enactment of the Criminal Code which suggests a change from our prior rulings. *See State v. Hastings*, 53 N.H. 452, 457 (1873); *State v. Keneston*, 59 N.H. 36, 37 (1879).

The defendant argues that allegation simply of an intent to defraud, if not focused on a particular object, would not allege a sufficiently culpable mental state, as required by RSA 626:2. The trial court focused on RSA 626:2, II(a), noting that the indictment alleged "the highest degree of culpability, namely purposely, and it seems to the Court that . . . the indictment should set forth the object of such

intent." We do not read the forgery statute as failing to require the State to establish a culpable mental state for each material element. The legislature has chosen to make it a criminal act to utter a forged instrument with the purpose to defraud anyone in the general community. Engaging in this proscribed act evidences a sufficiently culpable mental state. The statute defining "purposely," RSA 626:2, II(a), merely requires that the actor's "conscious object is to cause the result or engage in the conduct that comprises the element." Thus, the questions are: what is the prohibited act, and was it the defendant's conscious object to perform the act? The indictment states the act prohibited, as defined in the forgery statute, and alleges purposeful violation. We will read RSA 626:1 and :2 to lead to reasonable results and to effectuate the legislative purpose of the statute. *Petition of Public Serv. Co. of N.H.*, 130 N.H. 265, 282, 539 A.2d 263, 273 (1988), *appeal dismissed sub nom., Public Serv. Co. of N.H. v. New Hampshire*, 488 U.S. 1035 (1989).

■ Finally, the defendant argues that the indictment, in failing to specify the particular object of his intent to defraud, is inadequate to protect him from possible retrial and double jeopardy. The New Hampshire Constitution, part I, article 15, provides that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him . . . ." An indictment is adequate, under the New Hampshire Constitution, when it informs the defendant of the offense charged with enough specificity to enable him or her to prepare adequately for trial and to guard against double jeopardy. *State v. Cote*, 126 N.H. 514, 519, 493 A.2d 1170, 1174 (1986); R. MCNAMARA, 1 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 466, at 312 (1980).

■ An indictment provides such protection if it "'allege[s] all the elements of an offense that is identified by pleaded facts.'" *State v. Pelky*, 131 N.H. 715, 719, 559 A.2d 1345, 1347 (1989) (quoting *State v. Therrien*, 129 N.H. 765, 770, 533 A.2d 346, 349 (1987)). "Once a specific offense has been identified, 'there is no further and independent requirement to identify the acts by which a defendant may have committed that offense.'" *Id.* Because we determine that a specific object of the fraud is not a material element of the crime, the failure to allege the specific victim of the fraudulent intent would not expose a defendant to additional, separate charges. As the forgery indictment requires only an intent to defraud anyone in the community, the protection for the purposes of double jeopardy is also greater. The defendant will be protected against any further charge

of fraud arising from the act. No additional element, material to the object of the fraud, could be alleged which would permit retrial or reindictment. Here, the indictment contained an adequate description of the necessary *mens rea* accompanying the alleged violation. *See State v. Inselburg*, 114 N.H. 824, 827, 330 A.2d 457, 459 (1974). While the State might have been able to, and might have chosen to, identify the specific object of the defendant's intent, such specificity was not necessary, and this is not what we require in determining whether this indictment is sufficiently descriptive. "The test is not whether the information could be more comprehensive and certain. . . . [It] need contain only the elements of the offense and enough facts to warn the accused of the specific charges against him." *State v. Manchester News Co.*, 118 N.H. 255, 257, 387 A.2d 324, 327, *appeal dismissed*, 439 U.S. 949 (1978). The formation of a specific intent, beyond a general intent, would not subject DeMatteo to multiple indictments. The indictment sufficiently informed the defendant of the *mens rea* element of the charge against him, thereby protecting him from reprosecution for the same act.

While the defendant has raised the issue of the indictment's description of his *mens rea* while committing the act, he has not challenged the sufficiency of the description of his *actus reus* of uttering the document. Therefore, we do not consider such sufficiency for purposes of his double jeopardy argument. We do note that, as each act of uttering a forged document could bring additional criminal liability, each act must be sufficiently described in the indictment to protect the defendant from reprosecution for the same act.

*Order to quash vacated;*
*indictment reinstated.*

All concurred.