## Commonwealth v. Williams

*William F. Bauer III, assistant district attorney,* for the Commonwealth.

*Douglas H. Gent,* for defendant.

UHLER, *J.,* March 30, 1993—Before this court is defendant's omnibus pretrial motion to quash the information against the defendant, Paul Williams. On or about June 1, 1992, a criminal complaint was filed against the defendant alleging 78 counts of forgery under 18 Pa.C.S. §4101(a)(2). On August 3, 1992, a preliminary hearing was held before District Justice Klinedinst. At the preliminary hearing the Commonwealth was permitted to amend the complaint to include nine additional counts of forgery. The district justice found that the Commonwealth made out a prima facie case against the defendant on all counts and bound the case over for trial. On September 21, 1992, the defendant filed his omnibus pretrial motion and a transcript from the preliminary hearing. A hearing was then set before this court for October 9, 1992. On October 7, 1992, the defendant requested that the hearing be cancelled and that the court base its decision on the preliminary hearing transcript. Counsel for the defendant was provided 15 days to file a brief and the

Commonwealth was provided five days to respond to defendant's brief. The parties were also advised that opportunity for hearing was available if requested. On October 26, 1992, the defendant's brief in support of his motion was filed. On December 29, 1992, the parties entered into a stipulation whereby they agreed to submit the defendant's motion to the court upon the transcript from the preliminary hearing and the defendant's brief. Notice of the stipulation was brought to the attention of the court on or about March 11, 1993.

After reviewing the transcript, the court makes the following findings of fact.

In 1989-1990, the defendant (Paul Williams) and Edward Rodak formed a corporation known as Aretech Enterprises Ltd. Mr. Rodak put up an initial $9,000 to get the company going. The defendant's wife was to be in charge of the accounting for the company. The company opened a bank account which required both the defendant's and Edward Rodak's signatures on the checks. The company was also responsible for paying Mr. Rodak's health insurance. In July 1991, Mr. Rodak transferred his shares of stock in Aretech Enterprises Ltd. to his wife. In January 1992, Mr. Rodak was notified that his health insurance had been cancelled for lack of payment. Mr. Rodak estimated the company account had about $40,000 in it. However, when Rodak sought information from the bank regarding a copy of the checks paid to the health insurance company, he learned that the account had only $1,000 left in it. Mr. Rodak, at this time, requested copies of all the checks issued from the account. After examining the copies of the cancelled checks, Mr. Rodak found that 87 checks had his or his wife's signatures forged on them. Mr. Rodak never gave the defendant permission to sign his name to any of the checks. The defendant had exclusive possession of the checkbook all the time. Mr. Rodak and the defendant had a meeting to attempt to resolve this situation. At

this meeting, the defendant admitted to Mr. Rodak that he had signed Mr. Rodak's name to the checks. The parties could not resolve their differences, so Mr. Rodak gave all his information to Chief Wolfe to further investigate and bring charges.

The issue before this court is whether the evidence presented at the preliminary hearing was sufficient to establish the crime of forgery. At a preliminary hearing, the Commonwealth bears the burden of establishing at least a prima facie case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. Wojdak,* 502 Pa. 359, 367, 466 A.2d 991, 995 (1983); see also, *Commonwealth v. Gettemy,* 404 Pa. Super. 504, 510, 591 A.2d 320, 323 (1991). To satisfy this requirement, the evidence must show that the existence of each of the material elements of the charge is present. *Wojdak* at 368, 466 A.2d at 996; see also, *Commonwealth v. McBride,* 528 Pa. 153, 158, 595 A.2d 589, 591 (1991).

Section 4101, "Forgery," of Chapter 41, "Forgery and Fraudulent Practices," provides in pertinent part:

"(a) *Offense defined*—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

"(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed." 18 Pa.C.S. §4101.

In *Commonwealth v. Bollinger,* 274 Pa. Super. 112, 418 A.2d 320 (1979), the court states that in order to convict for forgery, the Commonwealth was required to prove: (1) the false making of some instrument in writing that was apparently capable of affecting a fraud and work-

ing an injury to another; and (2) a fraudulent intent. *Bollinger* at 118, 418 A.2d at 323; see also, *Commonwealth v. DiPiero,* 205 Pa. Super. 312, 317, 208 A.2d 912, 914 (1965). The defendant contends the Commonwealth failed in its burden of establishing a prima facie case for forgery against him because the Commonwealth did not prove the defendant had a fraudulent intent. However, in *Commonwealth v. Wheeler,* 200 Pa. Super. 284, 189 A.2d 291 (1963), the Pennsylvania Superior Court stated, "intent to injure or defraud may be shown or be inferred from the doing of the wrongful, fraudulent, and illegal acts which as a necessary result naturally produce loss or injury to the association." Also, in another forgery case, the Pennsylvania Superior Court held, "it is not necessary to prove an intent on the part of the defendant to defraud any particular person but it shall be sufficient to prove a general intent to defraud." *Commonwealth v. Green,* 205 Pa. Super. 539, 545, 211 A.2d 5, 8 (1965).

In the case at hand, testimony from Edward Rodak at the preliminary hearing, as described above, revealed that Aretech's checking account was an account that required two signatures. From the facts elicited, the court can infer that from the defendant's wrongful act of signing or having Mr. Rodak's name signed to the company's checks without Mr. Rodak's permission, the company as well as Mr. and Mrs. Rodak were harmed. Mr. Rodak is harmed because he was an employee, and his wife was a shareholder of Aretech. Also, Mr. Rodak's health insurance was to have been paid by the company. Finally, Aretech's checking account now contained only $1,000. This court may infer that the signing of Mr. Rodak's name without permission caused a loss.

The defendant also contends that the Commonwealth failed to meet its burden of establishing a prima facie case because the Commonwealth did not present a hand-

writing expert to show that the defendant forged Mr. and Mrs. Rodak's signatures. At the preliminary hearing, Mr. Rodak testified that a great number of the signatures on the checks had been forged. Also, Mr. Rodak testified that at a meeting with the defendant in January of 1992, the defendant admitted that he had signed Mr. Rodak's name to the checks. Finally, Mr. Rodak testified that the defendant had exclusive possession of the checkbook all the time. In *Commonwealth v. Cohen,* 203 Pa. Super. 34, 199 A.2d 139 (1964), the court held, "A non-expert witness is permitted to testify as to handwriting with which she is familiar." *Cohen* at 74, 199 A.2d at 159. In the case at hand, Mr. and Mrs. Rodak testified that the signatures on the checks were not theirs. This testimony along with the testimony that the defendant admitted to signing the Rodaks' signatures and the defendant having exclusive possession of the company's checkbook at all times is sufficient evidence for the court to conclude that the Commonwealth has established a prima facie case for forgery against the defendant without presenting an expert. For support, a Pennsylvania common pleas court has held, "Expert testimony to determine the authenticity of disputed writings may be helpful, but it is not usually indispensable. A jury has the right to compare authenticated writings with alleged forged writings, and to use their own judgment in deciding whether they were made by the same party." *Commonwealth v. Scelp,* 35 Beaver Leg. J. 45 (1975). Thus, at this stage of the proceeding, it is not necessary for the Commonwealth to present a handwriting expert or an authenticated writing.

## ORDER

And now, March 30, 1993, this court orders that defendant's motion to quash is denied.