## 44748. SMITH v. THE STATE.

QUILLIAN, Judge.   The defendant was indicted, tried and convicted of the crime of possessing and controlling a narcotic drug, marihuana.   He appeals from the judgment of conviction, sentence entered and the overruling of his motion for new trial.   *Held:*

1. The first enumeration of error complains of the admission of evidence regarding the possession of marihuana on the ground that there was an unreasonable search and seizure prohibited by the 14th Amendment to the U. S. Constitution. The defendant moved to suppress this evidence and, after a hearing, the trial judge overruled the motion.   However, the overruling of the motion to suppress was not enumerated as error.   Hence, the admission of the evidence, unobjected to, is not reversible error since the antecedent ruling on the motion to suppress is controlling.   *Reames v. Commercial Credit Corp.,* 117 Ga. App. 786 (161 SE2d 923).   See *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474), regarding the competency of such evidence.

2. The second enumeration of error complains of the admission of testimony of a co-defendant and the denial of the right to cross examine such witness.   The record shows that the trial judge, after the witness relied upon the 5th Amendment when counsel for the defendant began to cross examine her, instructed the jury that her evidence was not admissible and "you should not let what this witness has said up to this point have any bearing on the verdict you make in this case." Since all the witness's testimony on direct examination was eliminated from the case, there was no error harmful to the defendant. See *Smith v. State,* 225 Ga. 328 (7) (168 SE2d 587).   Especially is this true where counsel made no motion for mistrial or request for additional instructions to the jury. *Hayes v. Giddens,* 101 Ga. App. 844, 846 (114 SE2d 922).

3. The third enumeration of error complains that there was no charge given to the jury regarding the incriminating statement made by the defendant.   The defendant made no request to charge on this subject.   *Miles v. State,* 182 Ga. 75 (2) (185 SE 286) ; *Murray v. State,* 214 Ga. 350, 351 (104 SE2d 905).

4. The fourth enumeration of error complains that there was opinion evidence given by a nonexpert witness as to a substance being marihuana. No objection on this ground was made to such testimony. *Reed v. White,* 207 Ga. 623 (7) (63 SE2d 597).

*Judgment affirmed. Pannell and Evans, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1969—DECIDED NOVEMBER 7, 1969.

*John McGuigan,* for appellant.
*Edward E. McGarity, District Attorney,* for appellee.

