## 60322. GRAY v. THE STATE.

SOGNIER, Judge.

James Gray, Jr. was accused of speeding, improper passing and attempting to elude a police officer. The state's case was based entirely upon the testimony of Georgia State Patrol Trooper Gary Vowell. Vowell testified that while on routine patrol he encountered Gray's automobile which appeared to be speeding, clocked it on his radar at 71 m.p.h. and verified the speed on his speedometer while giving chase. When Vowell turned on his siren and blue light and attempted to stop Gray, he speeded up and passed a tractor-trailer rig on a double yellow line. Vowell continued pursuit until Gray turned into his own driveway, exited his car, "and in a hurridly [sic] pace went toward his house and when he got under the carport, he turned and made the statement that 'I'm home now,' that 'You can't mess with me now.' " Vowell also testified at some length on both direct and cross-examination about the type of speed detection device in his patrol car, his training, certification and experience in operating this equipment and the fact that he had checked the calibration of this unit some 40 minutes prior to encountering Gray.

Appellant was the sole witness for the defense. He testified that on the day in question he had left his house only once to go to the

grocery store and a service station to get gas for his mower; he had been home only 10 or 15 minutes and was washing his truck when Vowell pulled in the driveway and turned on the siren. When Gray turned off the water and walked toward the house, Trooper Vowell "stopped and jumped out of the car and said, 'Come here, boy.' " Gray went inside and Vowell left. About 15 minutes later Gray's father arrived and advised Gray to turn himself in, which he did.

The jury returned verdicts of guilty on all three accusations; however, the jury was polled and one juror responded that his verdict had been not guilty of eluding a police officer, and a mistrial was declared as to that charge. The solicitor introduced a certified copy of Gray's driver's record on file with the Department of Public Safety, which disclosed some 12 citations and convictions or bond forfeitures for moving violations since 1969 and a license suspension in 1977. Gray was sentenced to serve 12 months on both convictions, which were probated to 10 days in jail and a $100 fine on the improper passing charge, and 30 days in jail and a $150 fine, plus suspension of his driver's license, for speeding. Gray appeals and we affirm.

1. Appellant contends the state failed to introduce evidence to show that the speed detection device used by Vowell had been licensed and certified prior to being placed in service as required by Code Ann. § 68-2101 (b), and in the trial court's refusal to so charge. Appellant contends that his counsel was first made aware of the trial court's refusal to give this requested charge immediately prior to closing argument and thus was unable to argue the "compliance failure" to the jury or to "educate" the jury as to the law relating to the case. However, appellant did not raise these issues at trial and made no objection to the charge given by the court and it is well-settled that this court will not consider questions raised for the first time on review. *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371) (1975).

2. Appellant next contends the evidence is not sufficient to support the verdict. However, based on the evidence set forth above, we find that a rational trier of fact could find from the evidence adduced at trial proof of defendant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

3. Appellant contends it was error for the trial court to deny his motion for a mistrial on all three counts after one juror, when polled, stated he had voted "Not guilty" as to eluding a police officer, one of three counts of the indictment. The trial court granted the motion for mistrial as to eluding a police officer, but denied it on the other two charges. The remaining jurors all agreed that they had returned guilty verdicts against Gray for speeding and improper passing. Gray contends that the first juror's actions made it apparent that the entire

jury did not understand the necessity of a unanimous verdict, thereby requiring a mistrial as to all charges. We do not agree.

The judge called each juror individually by name and asked if the speeding and improper passing verdicts of guilty were his or her verdicts at the time they were made, and if they were now their verdicts. This met the minimum requirements of a defendant's right to a poll, and established that the guilty verdicts were unanimous, with no indication of any misunderstanding or confusion on the part of any juror. *Freeman v. State,* 148 Ga. App. 370 (3) (251 SE2d 389) (1978); *Burnett v. State,* 240 Ga. 681, 688 (11) (242 SE2d 79) (1978). Thus, there was no reason to grant a mistrial as to the charges of speeding and improper passing. Appellant cites nothing to support his contention, and this court cannot consider factual representations in a brief which do not appear in the record. *Konscol v. Konscol,* 151 Ga. App. 696 (261 SE2d 438) (1979).

4. Appellant argues that because he was sentenced to higher fines than the amounts posted in the sheriff's office of Tift County for speeding and improper passing, in addition to the sentences to confinement, he was penalized for seeking a jury trial by what constituted cruel and unusual punishment. Gray was charged with violations of state laws (Code Ann. §§ 68A-306 and 68A-802) which are misdemeanors. Code Ann. § 68A-102; *Diamond v. State,* 151 Ga. App. 690 (1) (261 SE2d 434) (1979). The sentences were within the allowable limits of misdemeanor punishment set forth in Code Ann. § 27-2506, and " '[i]t cannot be said that defendants found guilty by a jury are "penalized" for exercising the right to a jury trial any more than defendants who plead guilty are penalized because they give up the chance of acquittal at trial. In each instance, the defendant faces a multitude of possible outcomes and freely makes his choice. Equal protection does not free those who made a bad assessment of risks or a bad choice from the consequences of their decision.' [Cit.]" *Thompson v. State,* 154 Ga. App. 704, 709 (5) (269 SE2d 474) (1980).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JULY 8, 1980 — DECIDED OCTOBER 16, 1980.

*David E. Perry,* for appellant.
*David Roy Hege, Solicitor,* for appellee.