75566. THOMPSON v. THE STATE.
(367 SE2d 320)

McMURRAY, Presiding Judge.

Defendant was indicted for child molestation, enticing a child for indecent purposes, aggravated sodomy and two counts of rape. The evidence adduced at trial, construed most favorably to support the jury's verdicts, showed that the victim, who was under 14 years of age at the time, went to her bedroom for the night on November 5, 1986, and, shortly thereafter, defendant entered the victim's bedroom, locked the door and committed acts which constitute child molestation. Defendant then forced the victim from her bedroom to his automobile, which was parked behind the house, and committed acts which constitute rape. The next day, the victim told her mother what had happened and the victim was taken to the hospital where a physical examination revealed that she was subjected to violent sexual intercourse within a 24 to 36-hour period. From this and other evidence adduced at trial, defendant was found guilty of child molestation, enticing a child for indecent purposes and rape.

Defendant's trial attorney was allowed to withdraw by the trial court and another attorney was appointed to represent defendant on appeal. Appellate counsel filed this appeal and subsequently submitted an enumeration of error and brief. As an addendum to his appeal, defendant filed, pro se, documents wherein he asserts error. *Held*:

1. Defendant first contends the trial court erred in applying OCGA § 24-2-3, Georgia's Rape Shield statute, by limiting his cross-

examination of the victim and his direct examination of the victim's father and brother. More specifically, defendant complains that he was not permitted to inquire of these witnesses regarding "possible false prior accusations of sexual misconduct . . ." made by the victim against her father and brother.

During defense counsel's cross-examination of the victim, the following transpired: "Q. Now, . . . you sometimes have dreamed up things happening, haven't you? A. I dream, but everybody does. Q. . . . You've been to mental health counseling before this alleged — [State's attorney]: Your Honor, I object to this. If he's trying to get into the character of the victim, that's not relevant in this case. [Defendant's attorney]: Your Honor, I'm trying to get into the credibility of the witness." Thereafter, the trial court overruled the State's objection and instructed defendant's attorney to "confine [his inquiry,] without any elaboration, [to] whether or not [the victim] has told another person or persons that things have happened to her when, in fact, they have not happened." Defense counsel agreed and, without exception, he pursued this line of inquiry with the victim and later with the victim's father and brother. The victim denied she made any such accusations. The victim's brother affirmed that the victim had not "made certain accusations against [him] in the past." The victim's father testified that the victim had "made false accusations against [him]."

Under these circumstances, we find that defendant is not entitled to relief under this enumeration of error since the trial court overruled the State's objection and defense counsel did not object to the limited line of inquiry he was permitted. " '(A) litigant cannot submit to a ruling, acquiesce in the ruling, and still *complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an (alleged) erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further;* he has agreed that the trial court's ruling was correct by submitting to it. (Cit.)' [Cit.]" *Sanders v. State*, 181 Ga. App. 117 (2), 120 (351 SE2d 666). In the case sub judice, defendant's attorney not only acquiesced by not objecting to the trial court's ruling, after the trial court instructed defendant's attorney as to the permissible line of inquiry, he stated: "That's exactly what I want to do, Your Honor."[1]

2. Defendant, in his pro se submission, contends that his trial

---

[1] For annotation relating to impeachment or cross-examination of prosecuting witness in sexual offense trial by showing that similar charges were made against other persons, see 75 ALR2d 508. See *Little v. State*, 413 NE2d 639 (1)-(6) (Ind. App. 1980), where the Indiana Court of Appeals found that evidence of false accusations of similar sexual misconduct is admissible on the issue of the victim's credibility but held that such prior accusation must be "demonstrably false" in order to avoid conflict with the State's Rape Shield statute.

counsel was ineffective. "Because [defendant is] represented on appeal by counsel other than trial counsel, and no motion for new trial was filed, 'we remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986).' *Hambrick v. State*, 256 Ga. 148 (5) (344 SE2d 639) (1986)." *Midura v. State*, 183 Ga. App. 523, 524 (3) (359 SE2d 416). Consequently, this case must be remanded to the trial court for a hearing and for appropriate findings concerning only the issue of ineffective assistance of counsel. Should further review of the issue of ineffective assistance of counsel be necessary, the appropriate appellate procedure shall be followed for such review. See *Martin v. State*, 185 Ga. App. 145, 146 (3) (a) (363 SE2d 765).

3. A liberal reading of defendant's pro se brief indicates that he challenges the jury's verdict based on the general grounds.

"A person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

"A person commits the offense of enticing a child for indecent purposes when he solicits, entices, or takes any child under the age of 14 to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5 (a). This crime includes the element of asportation. *Dennis v. State*, 158 Ga. App. 142 (2) (279 SE2d 275).

"A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ." OCGA § 16-6-1 (a).

In the case sub judice, the victim testified that defendant entered her room while she was in bed, solicited sexual activity, sodomized her and raped her. She also testified that defendant took her from her room to his vehicle outside the house and there he raped her, forcibly and against her will. This testimony was corroborated by medical evidence which indicated that the victim had been forcibly raped within 24 to 36 hours of her physical examination. This and other evidence adduced at trial was more than sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of child molestation, enticing a child for indecent purposes and rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Next, defendant challenges pro se the trial court's order that he pay restitution "for the necessary psychotherapy treatment and counselling rendered to [the victim] arising out of the incidents from which these charges arose."

" 'Code Ann. §§ 27-3008 [now OCGA § 17-14-8] through 27-3010 [now OCGA § 17-14-10] contemplate *a hearing* and specific written

findings by the court in determining whether it will order restitution and, if so, the amount thereof. (Cit.)' (Emphasis supplied.) *Cannon v. State*, 246 Ga. 754, 756 (272 SE2d 709) (1980)." *Patterson v. State*, 161 Ga. App. 85, 86 (5) (289 SE2d 270). In the absence of a pre-sentence hearing wherein the parameters of the above-cited Code sections are considered by the trial court, a sentence imposing restitution cannot stand. *Patterson v. State*, 161 Ga. App. 85, 86 (5), supra. In the case sub judice, no such hearing was conducted and no written findings were made by the trial court with regard to restitution. Consequently, that portion of defendant's sentence which imposes restitution must be vacated and the case remanded to the trial court with direction that a hearing on the issue of restitution be made in accordance with the above-referenced Code sections. Should further review of the issue of restitution be necessary, the appropriate appellate procedure shall be followed.

5. Defendant's remaining arguments in his pro se brief are either not supported by the record or are presented for the first time on appeal. While these issues may be relevant to defendant's claim of ineffective assistance of counsel, this court has no jurisdiction to address such contentions on appeal. See *Halm v. State*, 125 Ga. App. 618 (4) (188 SE2d 434).

*Judgment affirmed as to conviction and case remanded for a hearing as directed in Division 2; judgment affirmed as to sentence but vacated only as it relates to restitution and case remanded for hearing as directed in Division 4. Birdsong, C. J., Sognier, Pope and Benham, JJ., concur. Deen, P. J., Banke, P. J., Carley and Beasley, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I fully concur in Division 1 but would not reach the issues sought to be raised in the pro se documents and would affirm the judgment.

Defendant is represented on appeal by counsel appointed on July 17 after trial counsel was permitted to withdraw following defendant's sentencing on June 30. No motion for new trial was filed by either counsel. The sole issue raised on appeal by counsel is ruled on in Division 1.

Since July 1, 1983, the effective date of the current state constitution, persons no longer have a right to represent themselves *and* be represented by an attorney. Ga. Const. 1983, Art. I, Sec. I, Par. XII. Defendant's two documents, therefore, should not be taken as properly presenting issues for review. He may have misunderstood counsel's instructions to him, when an *Anders* motion was filed, to the effect that if the motion was granted defendant could raise any points he wished. However, the *Anders* motion was denied.

In view of the constitutional change and the practical problems

attendant to allowing two separate representatives of one party, we should not begin the practice of permitting criminal defendants to file briefs and raise issues as well as be represented by counsel who are appointed or retained to do so for them. See in this regard *Smith v. State*, 186 Ga. App. 303 (367 SE2d 573) (1988); *Taylor v. State*, 186 Ga. App. 113 (366 SE2d 422) (1988), Beasley, J., dissenting.

I am authorized to state that Presiding Judge Deen, Presiding Judge Banke, and Judge Carley join in this opinion.

DECIDED MARCH 18, 1988.

*Keith F. Allen*, for appellant.
*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.