### 77090. JOHNSON v. THE STATE.
(375 SE2d 290)

POPE, Judge.

Appellant Judson W. Johnson, Jr., was found guilty of the offense of driving his motor vehicle with excessive speed in violation of OCGA § 40-6-181. Acting pro se, appellant filed a document purporting to be an appeal of the verdict, which was treated as a motion for new trial. Appeal is taken from the denial of this motion. *Held*:

In ruling on the motion, the trial court made detailed findings of

fact and conclusions of law concerning the trial proceedings, which were not transcribed. Officer Donald Manuel of the Clayton County Police Department testified that on the night of November 14, 1987, he and another officer were operating a stationary radar unit on Highway 138, for which they possessed the requisite permits and licenses to operate; that they were in an area approved for the operation of such radar; and that the police vehicle was visible for 500 feet to moving traffic. Upon stopping appellant's vehicle, he was given an opportunity to see the radar unit calibrated. The speed of appellant's vehicle, as shown by the device, was 61 miles per hour in a 45 mile-per-hour zone. The police car was parked in a driveway with its bumper 18 inches from the edge of the road. The front end of the vehicle was white and it bore a reflective decal with the word "police" on the fender.

After the State closed its case appellant testified that the road was dark and he could not see the police vehicle in which the radar detection equipment was being operated from 500 feet away, as required by OCGA § 40-14-7, offering in proof maps and photographs of the location. The trial court at that time advised appellant that the evidence concerning the speed detection device had been admitted without objection during the State's presentation, "and that therefore he had waived that objection to the admission of that evidence." Appellant was then found guilty and sentenced.

We agree with appellant that the State must present the necessary foundation before evidence of speed gained through the use of a speed detection device is admissible. See *Wiggins v. State*, 249 Ga. 302 (2) (290 SE2d 427) (1982). Consequently, we disagree with the trial court's conclusion that appellant's failure to object to admission of the evidence of speed gained through the use of the radar unit employed here dispensed with the necessity of such proof. "Evidence of speed gained by a state patrolman by use of a radar speed detection device is admissible *only* if the state introduces evidence establishing its compliance with *each* of the conditions of admissibility imposed upon such evidence by the General Assembly." Id. at 306. However, inasmuch as the record here supports the conclusion that the State did present the necessary foundation, including, as found by the trial court, proof of the visibility of the police vehicle as required by OCGA § 40-14-7, appellant has presented no grounds for reversal and the judgment of the trial court denying appellant's motion for new trial is affirmed.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 7, 1988.

*Glaze, Fincher & Bray, C. Crandle Bray, Thomas M. Conway,*

for appellant.

*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor*, for appellee.