A91A0291. CARVER v. THE STATE.
(406 SE2d 236)

BIRDSONG, Presiding Judge.

Daniel Brantley Carver appeals his conviction for speeding in violation of OCGA § 40-6-181, being charged with driving 76 mph in a 65 mph speed zone on January 27, 1990. He contends his conviction must be reversed because it is strongly against the weight of the evidence; and it is contrary to law because the trial court misapplied *Wiggins v. State*, 249 Ga. 302 (290 SE2d 427), by ruling there was no requirement that a state patrolman's vehicle in which a radar speed detection device was being operated be visible to approaching motorists for a distance of at least 500 feet. He further contends the trial court erred by ruling the prosecution did not have to prove the state patrolman's radar was not being operated on a hill and there was no requirement to mark the area in which the radar was being operated with signs stating that speeds were being monitored by speed detection devices. *Held*:

In *Wiggins v. State*, supra at 304-305, the Supreme Court held in Division 1 that it was permissible for the legislature to establish different criteria for issuing citations, based upon radar speed detectors, for county and municipal officers and for state officers. In Division 2 the court ascertained "the conditions which the General Assembly has imposed upon the admissibility of evidence of speed gained by a *state* law enforcement officer through use of a radar speed detection device," and then listed the elements which must be established before evidence of speed gained by use of the speed detection device would be admissible, including the requirement that the vehicle in which the radar was operated be visible to approaching motorists for 500 feet.

It is important to note, however, that the conditions for admissibility stated in *Wiggins* were those imposed by the General Assembly at that time, and that the conditions were not established by the Supreme Court itself. It is also important to note that between the Supreme Court's decision in *Wiggins* in 1982 and January 27, 1990, when Carver was issued a citation for speeding, the General Assembly changed the conditions for admissibility for citations issued by state officers by making the requirement that the vehicle be visible to approaching motorists for at least 500 feet applicable only to "county, municipal, college, or university law enforcement officers." OCGA § 40-14-7. Therefore, the trial court did not err by finding that the fifth element for admissibility stated in *Wiggins* no longer applies to

state law enforcement officers.

In the same manner, the trial court did not err by not requiring the prosecution to prove that the radar was not operated on a hill or that radar warning signs were posted. These requirements also do not apply to the state patrol. OCGA §§ 40-14-6; 40-14-9.

Accordingly, as the prosecution satisfied the existing statutory elements for admissibility of the state patrolman's testimony concerning the radar results, this testimony was properly admitted and was sufficient to authorize Carver's conviction for speeding, notwithstanding Mrs. Carver's testimony to the contrary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 13, 1991 —
REHEARING DENIED JUNE 3, 1991 —

Daniel Carver, *pro se.*
J. Clayton Burke, Jr., Solicitor, for appellee.