A92A0635. BROWN v. THE STATE.
(420 SE2d 35)

SOGNIER, Chief Judge.

Hugh K. Brown was tried before a jury in state court and convicted of speeding. He appeals from the denial of his motion for new trial.

Appellant asserts the general grounds, contending specifically that the State did not lay the foundation required for admission of evidence of speed obtained by radar detection devices as set forth in *Wiggins v. State*, 249 Ga. 302, 304-305 (2) (a) (290 SE2d 427) (1982), and that when the radar evidence is excluded the remaining evidence is insufficient to support the jury's verdict. Appellant is correct that the State failed to establish all of the foundation elements set forth in *Wiggins* that remain applicable to state troopers, see *Carver v. State*, 199 Ga. App. 842 (406 SE2d 236) (1991), as the State did not introduce evidence as to the State Patrol's licensing and annual certification of its radar devices. See OCGA § 40-14-4. Contrary to the State's contention, appellant's failure to interpose a timely objection on this basis at trial does not preclude him from raising this issue on appeal, for this court has held that establishment of the necessary foundation for radar detection device speed evidence is a prerequisite to admissibility even in the absence of an objection. *Johnson v. State*, 189 Ga. App. 192, 193 (375 SE2d 290) (1988). But see *Gray v. State*, 156 Ga. App. 117, 118 (1) (274 SE2d 115) (1980).

Nonetheless, the state trooper who issued the citation to appellant also testified that he observed appellant driving in excess of the speed limit before he turned on the radar device, and that in accordance with his usual practice he used the radar device only to confirm what he had already observed. Opinion testimony of an eyewitness may be used to establish speed, its credibility being for the jury to determine, *Hixson v. Barrow*, 135 Ga. App. 519, 522 (2) (218 SE2d 253) (1975), and such evidence is sufficient to authorize a jury to conclude that the speeding laws have been violated. See *Walker v. State*, 163 Ga. App. 638-639 (1) (295 SE2d 574) (1982). Consequently, we find the evidence sufficient to authorize appellant's conviction for speeding under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Gray*, supra at 118 (2).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

Decided June 1, 1992 —
Reconsideration denied June 23, 1992 —

Hugh K. Brown, *pro se.*
Nancy N. Bills, Solicitor, Alan S. Clarke, Assistant Solicitor, for appellee.