## A92A0686. TAYLOR v. THE STATE.
### (421 SE2d 104)

POPE, Judge.

Defendant Charlotte F. Taylor was tried before a jury in state court and convicted of speeding. She appeals.

1. Defendant, appearing pro se, first argues the trial court erred in admitting evidence of speed obtained by a radar detection device because the State did not present evidence of each of the conditions imposed by OCGA § 40-14-1 et seq. for the admission of such evidence. Failure of proof as to any one of the conditions imposed by law for the admissibility of evidence of speed gained from a speed detection device results in such evidence being inadmissible. *Wiggins v. State,* 249 Ga. 302 (2a) (290 SE2d 427) (1982). A review of the record shows no evidence was presented to establish that the vehicle in which the detection device was operated in the case at hand was visible to approaching motorists for a distance of at least 500 feet, as required by OCGA § 40-14-7. "Contrary to the State's contention, [defendant's] failure to interpose a timely objection on this basis at trial does not preclude [her] from raising this issue on appeal, for this court has held that establishment of the necessary foundation for radar detection device speed evidence is a prerequisite to admissibility even in the absence of an objection. *Johnson v. State,* 189 Ga. App. 192, 193 (375 SE2d 290) (1988). But see *Gray v. State,* 156 Ga. App. 117, 118 (1) (274 SE2d 115) (1980)." *Brown v. State,* 204 Ga. App. 629 (420 SE2d 35) (1992). As in *Brown,* however, the officer who issued the citation testified he observed the defendant driving, in his opinion, at a speed in excess of the speed limit. Thus, even though the radar evidence was improperly admitted, the error does not require reversal because the evidence was otherwise sufficient to authorize defendant's conviction. See *Brown,* id.

2. The trial court did not err in prosecuting the case even though the traffic citation issued to defendant was not placed in evidence because the case was tried upon an accusation, not the uniform traffic citation. See *Burks v. State,* 195 Ga. App. 516 (1b) (394 SE2d 136) (1990).

3. The State presented evidence of other similar acts of speeding committed by defendant. Defendant argues the evidence was inadmissible because some of the acts occurred over four years before the date of trial whereas OCGA § 40-13-59 permits the recording of traffic violations for up to a period of four years. The statute cited by de-

fendant refers only to the recording of the defendant's driving record by the traffic violations bureau of the court. It in no way prohibits the State from presenting evidence of independent similar acts of the defendant. The evidence at issue met the requirements for admission of other independent crimes or acts committed by the defendant for the purpose of showing identity, motive, plan, scheme, bent of mind and/or course of conduct. See *Chastain v. State*, 260 Ga. 789 (3) (400 SE2d 329) (1991). "[T]he remoteness of time factor is one that goes to the weight and credibility the jury gives to the evidence [of independent acts], and not to its admissibility." *McLendon v. State*, 184 Ga. App. 332, 333 (2) (361 SE2d 534) (1987). The trial court did not err in admitting the evidence of similar acts.

4. Defendant argues the trial court erred in refusing to admit in evidence a copy of her driving record from the Department of Public Safety. The record contains no ruling by the trial court that the document was inadmissible; instead the record shows only that the court ruled the police officer whom defendant attempted to question concerning the contents of the report was not qualified to give such testimony. The trial court did not err in making such a ruling since the officer testified he was unfamiliar with the report.

5. We reject defendant's argument that the prosecution of this case was improper and exposed her to "possible double jeopardy" because, pursuant to OCGA § 40-6-376 (a), she could be prosecuted for speeding under either state law or local ordinance. The record shows she was tried pursuant to an accusation of violation of state law. While she could raise the defense of double jeopardy to any future attempt to prosecute her for the same act pursuant to local ordinance, that issue is not present in this case because no evidence was presented that defendant was previously prosecuted for violation of local ordinance arising out of the act of speeding at issue in this case.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 1, 1992 —
RECONSIDERATION DENIED JULY 21, 1992 —

Charlotte F. Taylor, *pro se.*
*Andrew Prather II, Solicitor, Maureen M. Callahan, Assistant Solicitor*, for appellee.