## A92A2205. CARVER v. THE STATE.
### (430 SE2d 790)

Pope, Chief Judge.

Defendant Daniel B. Carver, Jr. was tried before a jury in state court and convicted of speeding. He appeals.

1. We first address whether the defendant's enumeration of error is sufficient to raise both the general grounds and the admissibility of the radar results in this case. Appearing pro se, defendant's sole "Enumeration of Errors" provides: "This Appellant contends that there was insufficient evidence to support a conviction in this case, and further, this Appellant lists three separate reasons why this case should be reversed." At the end of the heading "Enumeration of Errors" is a footnote which states: "While the Appellant lists only one enumeration of error, the Appellant, in fact, raises three issues, all of which arise out of the same issue — has the State complied with all of the requirements to obtain a conviction for a speeding case as set forth in *Wiggins v. State*, 249 Ga. 302 (1982)." While defendant's "Enumeration of Errors" is not well pled, a liberal reading of defendant's "Enumeration of Errors" and a review of his appellate brief makes it clear that defendant challenges on appeal the sufficiency of the evidence and the admissibility of the radar test results on the bases that the State failed to comply with the dictates of OCGA §§ 40-14-5; 40-14-7; and 40-14-9. See *Thompson v. State*, 186 Ga. App. 471 (2) (367 SE2d 320) (1988) (in which a majority of this court determined what enumerations of error were before this court from a liberal reading of the pro se defendant's brief).

In this case, defendant posed a timely objection to the admissibility of the radar test results. This case, however, has given us reason to reconsider our decisions in *Taylor v. State*, 205 Ga. App. 84 (421 SE2d 104) (1992); *Brown v. State*, 204 Ga. App. 629 (420 SE2d 35) (1992) and *Johnson v. State*, 189 Ga. App. 192 (375 SE2d 290) (1988) in which the defendant did not object to the admission of radar re-

sults. In those cases, this court held the defendant could raise the admissibility of the results on appeal although he failed to object at trial. We now hold that a defendant must invoke an evidentiary ruling on the admissibility of radar evidence in order to preserve the adverse ruling on their objection for appeal. To the extent *Taylor*, *Brown* and *Johnson* are inconsistent with this holding, they are overruled in pertinent part.

2. Defendant first argues the radar results should not have been admitted into evidence because the radar used to determine he was speeding may have been inaccurate because the tuning forks used to test the accuracy of the radar could have been damaged or might not have been the proper tuning forks to check the radar in question. The evidence showed the tuning forks were checked and certified as accurate by a radar technician on January 6, 1992. Defendant was stopped for speeding on February 4, 1992. The police officer who stopped defendant for speeding testified that on February 4, 1992, he tested the radar in question to ensure it was working correctly both before and after his shift. The officer further testified that the proper tuning forks for the machine in question had been used. Although the officer admitted it was possible that the tuning forks could have been damaged after they were tested, there was no evidence the forks had been damaged.

Defendant also argues that just as a person who is stopped for speeding has a right, pursuant to OCGA § 40-14-5 (b), to request the officer to test the device for accuracy, such person should have a right to have the tuning forks tested for damage. First we note defendant did not request an independent test of the tuning forks, but simply sought at trial to challenge the accuracy of the test on the ground the tuning forks could have been damaged. Furthermore, defendant does not cite, and we are not aware of, authority entitling defendant to request a test of the tuning forks for the radar used to clock his speed. Although OCGA § 40-14-5 (b) requires a law enforcement officer using a radar device to notify each person against whom they intend to make a case that they have a right to request the officer to test the radar device for accuracy, the right does not extend to a test of the tuning forks or any other instrument used to test the radar device. Moreover, contrary to defendant's contention otherwise, OCGA § 40-14-5 (b) does not entitle the defendant to observe the accuracy test performed on the radar device. For these reasons, we hold defendant's arguments concerning the accuracy of the tuning forks and the officer's refusal to allow him to observe the accuracy test of the radar must fail.

3. In regard to the conditions imposed by OCGA § 40-14-7, the State presented sufficient evidence from which the finder of fact could determine that the vehicle in which the radar was located was visible

to approaching motorists for a distance of at least 500 feet.

4. Defendant also argues the radar evidence was improperly admitted because the evidence did not show it was obtained in compliance with OCGA § 40-14-9, which states: "No speed detection device shall be employed by county, municipal, or campus law enforcement officers on any portion of any highway which has a grade in excess of 7 percent." The parties do not cite and our research does not reveal a case in which the appellate courts of this state have had occasion to decide whether the State must prove compliance with that provision of OCGA § 40-14-9 before evidence of speed determined by such a device is admissible. Cf. *Carver v. State*, 199 Ga. App. 842 (406 SE2d 236) (1991) (holding, inter alia, the defendant's challenge to the admissibility of the radar results on the basis that the State had not made a showing that the radar was not used on a portion of highway with a grade in excess of seven percent was without merit because the defendant was ticketed for speeding by a state patrolman and thus OCGA § 40-14-9 was inapplicable). The language employed in the pertinent portion of OCGA § 40-14-9, prohibiting the employment of speed detection devices on any portion of a highway having a grade in excess of seven percent, mirrors the language of OCGA § 40-14-7, prohibiting the use of speed detection devices on a portion of highway where the vehicle in which the device is located is not visible to approaching motorists for a distance of at least 500 feet. It is well-settled that the State must prove the condition imposed by OCGA § 40-14-7 was met before evidence of speed gained by use of the speed detection device is admissible. *Wiggins v. State*, 249 Ga. 302, 304-305 (2) (a) (290 SE2d 427) (1982). Given the plain language of OCGA § 40-14-9 and applying the rationale followed by our Supreme Court in *Wiggins*, we are constrained to hold that proof that a speed detection device was not employed on a portion of highway having a grade in excess of seven percent is also a condition imposed by law for the results of the radar test to be admissible. "Failure of proof as to any one of the conditions imposed by law for the admissibility of evidence of speed gained from a speed detection device results in such evidence being inadmissible. [Cit.]" *Taylor v. State*, 205 Ga. App. 84 (421 SE2d 104) (1992).

In this case the officer first testified that the portion of the road on which he was using the radar was "flat." However, during cross-examination, the officer testified the pertinent portion of the road was a "little more downhill," although he had no way of knowing the grade of the hill or how to determine the grade of the hill. Photographs of the pertinent portion of the road on which defendant was stopped for speeding were submitted into evidence, but the State did not seek to use these photographs to prove the grade of the highway nor did the State present evidence from which the jury could deter-

mine the grade of the pertinent portion of highway by reviewing the photographs. We hold the evidence presented in this case was insufficient to show that the speed detection device used to determine the speed of defendant's vehicle was not employed on a portion of highway having a grade in excess of seven percent. Thus, the State has failed to present the necessary foundation to support the admission of the radar test results and the trial court erred in denying defendant's objection to the admissibility of the radar results. See generally *Westee v. State*, 201 Ga. App. 802 (413 SE2d 266) (1991); *Johnson v. State*, 189 Ga. App. 192 (375 SE2d 290) (1988).

5. Although the radar results in this case are inadmissible, we hold the evidence is still sufficient to authorize defendant's conviction. The officer who issued the speeding citation to defendant testified that he observed the defendant driving and his observation of defendant's car was consistent with the radar results. Consequently, as in *Taylor*, 205 Ga. App. 84, and *Brown v. State*, 204 Ga. App. 629 (420 SE2d 35) (1992), the officer's testimony was sufficient evidence from which a jury could conclude defendant was driving at a speed in excess of the speed limit. "Thus, even though the radar evidence was improperly admitted, the error does not require reversal because the evidence was otherwise sufficient to authorize defendant's conviction." *Taylor*, 205 Ga. App. at 84.

*Judgment affirmed. Birdsong, P. J., Cooper and Blackburn, JJ., concur. Beasley, P. J., concurs in judgment only. McMurray, P. J., Andrews, Johnson, JJ., and Justice George H. Carley concur specially.*

Justice George H. Carley, concurring specially.

I concur in the majority's affirmance of appellant's conviction. I cannot, however, concur in the majority's rationale for doing so.

Construing appellant's enumerations of error liberally, he raises *both* the general grounds *and* the trial court's evidentiary ruling admitting the radar evidence. Under these circumstances, it is the enumerations of error relating to the admission of the radar evidence which must be considered first, since a consideration of these enumerations may obviate any consideration of the general grounds. "[W]here an appellate court reverses a conviction on the basis that competent evidence was erroneously admitted, the appellate courts in Georgia *will not and need not* then review the remaining evidence on sufficiency grounds." (Emphasis supplied.) *Hall v. State*, 244 Ga. 86, 94 (5) (259 SE2d 41) (1979). Accordingly, if the admission of the radar evidence was reversible error in the instant case, the general grounds need not be reached.

Relying upon *Wiggins v. State*, 249 Ga. 302, 306 (3) (290 SE2d 427) (1982), several cases of this court have held that the admission of

radar evidence may be considered on appeal even though no objection was raised in the trial court. *Taylor v. State*, 205 Ga. App. 84 (1) (421 SE2d 104) (1992); *Brown v. State*, 204 Ga. App. 629 (420 SE2d 35) (1992); *Johnson v. State*, 189 Ga. App. 192 (375 SE2d 290) (1988). In my opinion, this is erroneous. *Wiggins* was itself an interlocutory appeal from the denial of a motion to suppress. Thus, on its face, *Wiggins* was a case wherein an evidentiary ruling on the admissibility of radar evidence *had* been invoked in the trial court. Certainly, nothing in *Wiggins* purports to authorize consideration of an evidentiary ruling in an appeal wherein no objection to the admission of radar evidence has been raised and overruled in the trial court. Evidence which is seized from a defendant is certainly inadmissible unless the State has complied with the strictures of the law, but the admissibility of seized evidence is nevertheless an issue of no concern on appeal unless a ruling thereon has first been invoked in the trial court and an adverse ruling has then been properly enumerated as error on appeal. *Gilmore v. State*, 117 Ga. App. 67, 68 (2) (159 SE2d 474) (1967); *Smith v. State*, 120 Ga. App. 613 (1) (171 SE2d 755) (1969). Radar evidence is no different. Such evidence may be inadmissible but, if no objection is raised in the trial court and the admission of the evidence over objection is not raised on appeal, no issue as to admissibility is presented for appellate review. Accordingly, I agree with the majority that the *Taylor*, *Brown* and *Johnson* cases should be overruled insofar as they hold that the admissibility of radar evidence can be addressed on appeal without regard to a defendant's invocation of a ruling on the admissibility of that evidence in the trial court. "[W]e can not consider any error alleged to have been made unless there is an enumeration of it as provided in [OCGA § 5-6-40], nor can we consider . . . . an error enumerated unless it is supported in the record and shown to have been ruled on by the trial judge." *Craig v. State*, 130 Ga. App. 689, 693 (6) (204 SE2d 307) (1974).

In the trial court, appellant *did* object to the admission of the radar evidence on the grounds which he asserts on appeal. Accordingly, we are authorized to consider his enumerations of error which relate to the trial court's evidentiary ruling. The majority finds that none of appellant's objections has merit, except that which asserts that the State failed to prove that the highway grade was less than seven percent as required by OCGA § 40-14-9. I cannot agree. In my opinion, none of appellant's objections has merit, including that which is based upon OCGA § 40-14-9.

The officer testified that the road was "flat" and numerous photographs of the road were introduced into evidence. The photographs may not have been admitted specifically to show compliance with OCGA § 40-14-9, but they were admissible as a fair and accurate representation of the roadway itself. From the officer's opinion testimony

that the road was "flat" and the photographs, I believe a finding was authorized that the radar had been employed in compliance with the requirement of OCGA § 40-14-9 that the grade not be in excess of seven percent. See generally *Oglethorpe Realty Co. v. Hazzard*, 172 Ga. App. 98, 99 (1) (321 SE2d 820) (1984). The evidence in this regard may not have been conclusive, but, in my opinion, it was sufficient to authorize admission of the radar evidence for the jury's consideration. "In respect to . . . opinion testimony as to speeds, time, and distance, it has been held many times that same is very unreliable, but, nevertheless, admissible. [Cits.]" *Fuels, Inc. v. Rutland*, 123 Ga. App. 23, 28 (5) (179 SE2d 290) (1970). The officer's testimony that the road was "flat" is, in my opinion, no different than an opinion as to speed, time or distance and would authorize admission of the radar evidence.

The majority holds that, notwithstanding the radar evidence which it finds to be inadmissible, the officer's oral testimony was otherwise sufficient to authorize appellant's conviction. The majority apparently holds that the erroneous admission of the radar evidence was harmless, because that evidence was merely cumulative of the officer's testimony in the instant case. There is some question, however, whether *scientific* radar evidence can ever be considered as merely cumulative of an officer's *oral* testimony, such that an erroneous evidentiary ruling admitting the former can be rendered harmless by the admission of the latter. See *Brinson v. State*, 201 Ga. App. 80, 81 (1) (410 SE2d 50) (1991); *Dept. of Transp. v. Petkas*, 189 Ga. App. 633, 636 (3) (377 SE2d 166) (1988). Because I find the radar evidence to be admissible, however, I express no opinion as to whether the officer's testimony in the instant case was merely cumulative of the radar evidence. I would simply hold that the radar evidence was not erroneously admitted and that that radar evidence authorizes appellant's conviction for speeding.

I am authorized to state that Presiding Judge McMurray, Judge Andrews and Judge Johnson join in this special concurrence.

DECIDED MARCH 19, 1993 —
RECONSIDERATION DENIED APRIL 2, 1993.

Daniel B. Carver, Jr., *pro se.*

*Jerry Rylee, Solicitor, Graham McKinnon IV, Assistant Solicitor*, for appellee.