A93A1370. HARRIS v. THE STATE.
(436 SE2d 231)

ANDREWS, Judge.

Ronald Keith Harris was found guilty by a jury and convicted of speeding and driving an automobile while his alcohol concentration

was at least .10 grams as prohibited by OCGA § 40-6-391 (a) (4). At about 3:50 a.m. on November 7, 1991, a Cobb County police officer visually observed and registered Harris on radar driving his car north on Interstate 75 at about 90 mph. After stopping Harris for speeding, the officer noticed the smell of alcohol on his breath, and noticed Harris' eyes appeared bloodshot, and his speech was slurred. Upon failing various field sobriety tests administered by the officer at the scene, Harris was arrested, charged with speeding and driving under the influence, and subsequently registered .14 grams of alcohol concentration on a test conducted on an Intoximeter 3000 machine.

1. Harris argues on appeal that the results of the various field sobriety tests given to him by the arresting officer at the scene should have been suppressed because he was in custody at the time, and the officer failed to inform him of his federal and state constitutional rights prior to administering the tests. In his motion to suppress, denied by the trial court, Harris contended that he was illegally stopped without probable cause, and that the State intended to "introduce evidence concerning Defendant's demeanor, results of a breath test, [and] statements of the Defendant made while in custody without the benefit of advice of his federal constitutional rights. . . ." The motion to suppress filed in the trial court did not raise the issue of suppression of the field sobriety tests, the record does not show that this issue was raised in arguments or briefs on the suppression motion in the trial court, and the trial court did not rule on this issue in its order denying Harris' motion to suppress. Accordingly, the enumeration presents nothing for appellate review. *Smith v. State*, 205 Ga. App. 848-849 (424 SE2d 60) (1992). In any event, even if the issue had been properly raised, the enumeration is without merit. *Lankford v. State*, 204 Ga. App. 405, 406-407 (419 SE2d 498) (1992).

2. There is no merit in Harris' claim that the trial court erred by admitting evidence of a prior DUI offense as a similar transaction. The hearing conducted by the trial court was sufficient. "While defendant has a right to a hearing on the similarity of other transactions sought to be introduced into evidence, it need not be a full evidentiary hearing and it is sufficient if the prosecutor shows the requisite similarity of the previous transaction by stating in his place the nature of the evidence to be given regarding the similar transaction. [Cit.]" *Johnson v. State*, 204 Ga. App. 453 (419 SE2d 741) (1992). The evidence showed a sufficient similarity between the first offense occurring about one year prior to the present offense in that Harris was stopped both times in Cobb County for speeding while traveling on similar northbound routes in the early morning hours, driving the same car. The similar transaction was admissible for the purpose of showing motive, bent of mind, and propensity for committing the same type of offense. *Hansen v. State*, 205 Ga. App. 604, 605-606 (423

SE2d 273) (1992); *Lankford*, supra at 408; *Blane v. State*, 195 Ga. App. 504 (393 SE2d 759) (1990). The first incident, which culminated in a plea of nolo contendere, was not rendered inadmissible under OCGA § 17-7-95 (c), because the State made no reference to the plea. *Hansen*, supra at 607.

3. Even if the State failed to lay the necessary foundation for introduction of radar evidence of Harris' speed, the arresting officer's testimony that he observed Harris driving at an estimated speed of 90 mph was sufficient to support the speeding conviction. *Brown v. State*, 204 Ga. App. 629 (420 SE2d 35) (1992), overruled on other grounds, *Carver v. State*, 208 Ga. App. 405 (430 SE2d 790) (1993); *Taylor v. State*, 205 Ga. App. 84 (421 SE2d 104) (1992), overruled on other grounds, *Carver v. State*, supra.

4. In his fourth enumeration of error, Harris claims the State failed to lay a proper foundation for admissibility of the results of the test administered to him on the Intoximeter 3000 machine showing he had an alcohol concentration of .14 grams. Harris objected at trial that Officer Vaughn, who testified he administered the test and testified to the foundational facts supporting admission of the test results, could not remember giving the test to Harris. Officer Vaughn testified he had given hundreds of such tests on the machine, and that he could not remember what Harris looked like or identify him. However, after reviewing the printed test results from the machine, Vaughn was able to testify that he remembered giving the test to a subject named Ronald Keith Harris on November 3, 1991 at about 4:50 a.m. The arresting officer testified that Harris was arrested on the present charges, and brought in for the test administered by Officer Vaughn, on the same date and time. This was sufficient to show that the test was administered to Harris by Officer Vaughn, who otherwise testified to the foundational elements necessary for admission of the test results. See *Mullis v. State*, 201 Ga. App. 75, 77 (410 SE2d 182) (1991); *Riley v. State*, 175 Ga. App. 810-811 (334 SE2d 863) (1985).

5. Harris contends the trial court erred by refusing to allow an expert in chemistry with experience in the field of alcohol and drug testing to testify about the possibility of error in the test results produced by the Intoximeter 3000 machine. See *Lattarulo v. State*, 261 Ga. 124, 126 (401 SE2d 516) (1991) (accused may produce evidence of the possibility of error or circumstances that may cause the machine to malfunction). The trial court allowed the expert to testify about machines which operated on principles similar to the Intoximeter 3000, and the possibility of error in these alcohol measuring devices, but would not allow the expert to testify specifically about the possibility of error in the Intoximeter 3000, apparently on the basis that the expert was not certified to operate the machine. Even assuming

the expert was just as qualified to testify about the principles governing the operation of the Intoximeter 3000 as he was about the same principles governing similar machines, we find no reversible error in the exclusion of this testimony. Harris had already produced another expert who testified specifically about the Intoximeter 3000, the principles on which it operates, and the possibility of error in the test results of the machine, so the excluded testimony would have been cumulative of testimony already in evidence. See *Chisholm v. State*, 199 Ga. App. 746, 747 (406 SE2d 112) (1991); *Green v. State*, 206 Ga. App. 42, 44 (424 SE2d 646) (1992); *Jones v. Scarborough*, 194 Ga. App. 468, 470-471 (390 SE2d 674) (1990).

6. The trial court's charge in this case regarding the State's burden to prove guilt beyond a reasonable doubt was substantially similar to the charge recommended by the Council of Superior Court Judges of Georgia in the Suggested Pattern Jury Instructions, including use of the phrase "moral and reasonable certainty" as part of the description of the burden. In a case decided after the present trial, the Supreme Court noted that the better charge on burden of proof "would not include the unnecessary phrase 'moral and reasonable certainty.'" *Vance v. State*, 262 Ga. 236, 238, n. 5 (416 SE2d 516) (1992). Nevertheless, the charge as a whole accurately instructed the jury on the burden of proof. Id.

7. There was no error in the trial court's denial of Harris' motion for a new trial.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 23, 1993.

*Spruell & Dubuc, Brian M. Dubuc*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Mary L. Kendall, Assistant Solicitors*, for appellee.