A98A2282. TURNER v. THE STATE.
(512 SE2d 699)

BEASLEY, Presiding Judge.

Turner appeals his convictions of speeding (OCGA § 40-6-183) and attempting to elude a police officer (OCGA § 40-6-395).

The arresting officer Attaway testified as follows. At approxi-

mately 11:30 p.m. on May 24, 1997, he was proceeding in his patrol car along a parkway when he observed a white Toyota Paseo traveling in the opposite direction at a much faster rate of speed than other vehicles a considerable distance behind it. Because Attaway was of the opinion that the Paseo was exceeding the posted speed limit (45 mph), he activated his radar, captured the Paseo as the "only vehicle in the radar beam," and clocked it at 66 mph.

According to the officer, when the Paseo was approximately 75 feet from his patrol car, Attaway turned on his blue lights and siren, made a U-turn, and pursued. He observed the Paseo turn left into the parking lot of a complex comprised of one long metal building separated into compartments, each housing a garage, body shop or other business of that nature. As Attaway continued his pursuit, the operator of the Paseo accelerated through the lot to one of the businesses in the rear of the complex and parked behind a larger truck so as to conceal the car from view. When Attaway turned into the lot, the Paseo was approximately 50 feet ahead of him and proceeded another 100 feet before stopping. At no point did the driver of the Paseo make any effort to stop.

Attaway further testified that although he could not see inside the Paseo as its windows were tinted, the vehicle was out of his view for no more than five seconds. The entire episode, from first sighting to the Paseo's stop, consumed less than two minutes. He observed three individuals on the grounds: Clinton Francis, who was working with a power tool in front of the business where Turner parked; an unidentified man also working with a power tool at a business toward the entrance of the lot; and Turner. As Attaway drove up, he observed Turner climbing out of the Paseo on the passenger side with his feet on the ground. When questioned by Attaway, Turner admitted that the Paseo belonged to him. He denied having been driving it but failed to identify anyone else who had. After Attaway inspected the premises, he determined that no one who had been driving the vehicle could have escaped the area without being observed by him.

In Turner's defense, Francis testified that on the evening in question Turner had taken his Paseo to him for repair and that another mechanic named Franklin Richard had been test-driving the vehicle and had parked it several minutes before the officer appeared. According to Francis, when Attaway drove up, Turner had just come from inside the shop and was retrieving an item from his car. Francis did not tell any of this to officers on the scene, and at trial he claimed that Richard's whereabouts were unknown. In his testimony, Turner similarly denied having been driving his car at the time and claimed that, when observed by Attaway, he was leaning into his car to get a pack of cigarettes.

The videocamera in Attaway's patrol car was activated at the

time the events transpired but failed to record the entire episode either visually or audibly. The videotape was played to the jury.

After deliberating for a considerable period of time, the jury reported that it was unable to reach a verdict. Upon giving an *Allen*[1] charge and ascertaining that the numerical division in the jury vote was four and two, the court ordered deliberations to continue. Shortly thereafter, the jury returned to the courtroom to request additional instructions on reasonable doubt. After instructions and further deliberations, the jury found Turner guilty of both charged offenses.

1. Turner first contends that the evidence was insufficient to establish his guilt of either offense.

OCGA § 40-6-395 (a) makes it unlawful "for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop."

Our viewing of the videotape indicates that the Paseo disappeared from the officer's view as he was completing his U-turn and had already come to a stop by the time the officer made his left turn into the complex. Nonetheless, the jury was authorized to find on the basis of the officer's testimony that Turner was the driver of the Paseo and that he attempted to elude the pursuing police officer through his actions and denials after he brought his vehicle to a stop. Construed in a light most favorable to the verdict, the evidence authorized any rational trier of fact to conclude that Turner was guilty of this offense.[2]

Turner's similar challenge to the speeding conviction is based on the fact that the State did not lay a foundation for admission of the evidence of speed gained through use of a radar detection device, by establishing compliance with conditions of admissibility imposed by the General Assembly.[3] But a defendant cannot contest the admissibility of radar results for this reason where, as here, he has not raised such objection at trial.[4] Because the court was not called on to exclude the evidence, it was not error to admit the radar results which, in conjunction with the opinion testimony of the officer,[5] authorized the jury to find Turner guilty of speeding.

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Wiggins v. State*, 249 Ga. 302, 304 (2) (290 SE2d 427) (1982) (setting forth the conditions).

[4] *Carver v. State*, 208 Ga. App. 405 (1) (430 SE2d 790) (1993).

[5] See *Hixson v. Barrow*, 135 Ga. App. 519, 522 (2) (218 SE2d 253) (1975) (opinion testimony of an eyewitness is sufficient to authorize a jury to conclude that the speeding laws have been violated).

2. Turner next contends that the court erred in admitting testimony from Attaway that was contradicted by a statement made by him in the videotape played to the jury. Turner charges Attaway with perjury and the State with failure to comply with his pretrial motion for disclosure of favorable information under *Brady v. Maryland*.[6]

Since the videotape was admittedly turned over to the defense prior to trial and played to the jury at trial, *Brady* was not violated.[7] Turner's failure to raise any objections to Attaway's testimony at trial precludes him from complaining of the admission of Attaway's testimony on appeal.[8] Nonetheless, we note that Turner's complaint arises from the fact that Attaway stated in the videotape that Turner was "going inside the car," whereas he testified on direct examination that he observed Turner "climbing out of the passenger side of the vehicle." But he acknowledged during cross-examination that Turner's feet were on the ground at the time and that it could be said that he was "leaning in the car." The jury was competent to reconcile any conflict between the officer's statements at the scene and his trial testimony without finding perjury.

3. Finally, Turner asserts a claim of ineffective assistance of trial counsel.

After trial Turner retained a private lawyer to replace his appointed trial attorney. Hired counsel filed a motion for new trial primarily on the general grounds, but he was replaced by yet another privately retained attorney who raised the claim of ineffective assistance of trial counsel in an amendment to Turner's motion for new trial. The amendment was filed on the same day an unreported hearing was held on the motion. At the hearing, arguments of counsel were heard, but no evidence was presented. The court later entered an order denying the amended motion without elaboration.[9]

"*Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), sets forth the standard for determining whether trial counsel's performance was so deficient as to deny a defendant effective assistance of counsel under the Sixth Amendment. One asserting such an error must make two affirmative showings: that

---

[6] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[7] See *Dennard v. State*, 263 Ga. 453, 454 (4) (435 SE2d 26) (1993) (*Brady* not violated where *Brady* material is available to defendant during trial); compare *Williams v. State*, 250 Ga. 463, 465 (298 SE2d 492) (1983) (*Brady* violated where officer gave testimony contradicted by part of a police report not disclosed to defense).

[8] See generally *O'Donnell v. State*, 258 Ga. 782, 785 (6) (374 SE2d 729) (1989); compare *Mondy v. State*, 229 Ga. App. 311 (494 SE2d 176) (1997) (although *Brady* violation was waived because defendant was made aware of existence of videotape during trial and did not seek to have it reviewed, this did not waive State's knowing use of testimony shown by videotape to have been false).

[9] Although express findings are not required when a claim of ineffective assistance of counsel is denied, they aid the appellate court's resolution of the issue.

counsel's representation fell below an objective standard of reasonableness [(i.e., that counsel performed deficiently);] and that such deficiency prejudiced the defense. Concerning the prejudice component, the Court (in *Strickland*) held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10] " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.' [Cit.]"[11]

Turner claims that defense counsel was ineffective in numerous respects. First is that counsel should have objected when Attaway repeatedly testified that he had observed Turner driving the car, because Attaway acknowledged he could not see inside the Paseo's tinted windows. But the officer's observations after the Paseo was brought to a stop authorized him to conclude that Turner was the driver. Objection to his testimony would have been futile.

Turner also contends that since the State failed to lay a foundation for admission of the radar results, counsel was ineffective in failing to object. The impediment to Turner's success on this claim consists of his failure to have defense counsel testify at the hearing on his amended motion for new trial. "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic."[12] Defense counsel could have conducted an investigation and determined that the radar results were admissible and that any objection would ultimately have been rightly overruled. The court's implicit finding that counsel was not ineffective in this regard is not clearly erroneous.

Turner's remaining claims of ineffectiveness provide no grounds for relief as he has not shown he was prejudiced by any other omission charged to counsel.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 22, 1999.

*Belcher, Pakchar & Sams, Pat E. Belcher II*, for appellant.

---

[10] (Citations and punctuation omitted.) *Williams v. State*, 207 Ga. App. 418, 419-420 (427 SE2d 787) (1993); *Benefield v. State*, 231 Ga. App. 80 (497 SE2d 650) (1998).

[11] Id.

[12] (Punctuation omitted.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996).

*Keith C. Martin, Solicitor, Aaron B. Mason, Assistant Solicitor,* for appellee.