## A01A0097. VAN NORT v. THE STATE.

(550 SE2d 111)

JOHNSON, Presiding Judge.

Peter Van Nort was convicted of speeding. He appeals, challenging the admission into evidence of the results of a laser speed detection device. His challenges are without merit.

On April 27, 2000, Georgia State Patrol Sergeant J. S. Blackmon saw Van Nort driving his Jeep Wrangler faster than the speed limit of 55 mph. Sergeant Blackmon used a laser device to measure Van Nort's speed at 81 mph. Based on the laser reading, Sergeant Blackmon stopped Van Nort and cited him for speeding.

Van Nort pled not guilty to the speeding charge. Before trial, his attorney filed a motion to suppress the laser results on the ground that laser devices have not reached a scientific stage of verifiable certainty. At the start of the trial, the court denied the motion.

The state then presented Sergeant Blackmon, who testified that he is certified to operate a laser speed detector, that on the day he stopped Van Nort he was using a Kustom ProLaser II detector, that this model of laser detector is approved by the Georgia Department of Public Safety, that the particular laser device he was using had been calibrated and checked for accuracy before he used it, and that using that device he determined Van Nort's speed of 81 mph. The state also introduced various documents into evidence, including a certified copy of a Department of Public Safety order specifying the Department's approval of the Kustom Signals, Inc. ProLaser II speed detection device.

Van Nort's attorney then cross-examined Sergeant Blackmon, after which the state rested. Van Nort did not present any evidence. The court found Van Nort guilty of speeding and assessed a $240 fine.

Van Nort appeals from the conviction, arguing that the court erred in admitting the laser evidence because the state failed to prove its scientific reliability and that, even if laser evidence is considered scientifically reliable, it should not have been allowed in his trial because the state otherwise failed to lay the foundation for its admission. Because the arguments are without merit, we affirm Van Nort's conviction.

1. In support of his argument that laser speed detection devices are inadmissible because they have not reached a stage of scientific reliability, Van Nort cites *Izer v. State*.[1] It is true that in *Izer* we held that a trial court erroneously admitted laser evidence because the state failed to establish by expert testimony that laser speed detec-

---

[1] 236 Ga. App. 282 (511 SE2d 625) (1999).

tion devices have reached a scientific stage of verifiable certainty.

But shortly after *Izer* was decided in February 1999, the state legislature passed OCGA § 40-14-17, effective March 25, 1999. That Code section expressly provides that evidence based on a laser speed detector model approved by the Department of Public Safety is admissible in court. OCGA § 40-14-17 states:

> Evidence of speed based on a speed detection device using the speed timing principle of laser which is of a model that has been approved by the Department of Public Safety shall be considered scientifically acceptable and reliable as a speed detection device and shall be admissible for all purposes in any court, judicial, or administrative proceedings in this state. A certified copy of the Department of Public Safety list of approved models of such laser devices shall be self-authenticating and shall be admissible for all purposes in any court, judicial, or administrative proceedings in this state.

While the *Izer* opinion was correct under the law as it then existed, the subsequent legislative enactment now controls the issue of the admissibility of evidence from approved laser detector models.[2] So long as the state provides a certified copy of the Department of Public Safety's list of approved models of laser devices, then evidence of speed based on an approved model shall be considered scientifically acceptable.[3]

In the instant case, the state fully complied with the statute. It introduced, without objection, a certified Department of Public Safety order listing the approved models of laser detection devices. And that list included the Kustom ProLaser II device used to measure Van Nort's speed. Consequently, under OCGA § 40-14-17, the evidence of speed based on that device is considered to be scientifically acceptable and reliable. Van Nort thus has failed to show that the trial court erred in admitting the laser evidence of his 81-mph speed.

2. Van Nort's second enumerated error — even if the laser is scientifically reliable, the state failed to lay the proper foundation for admitting the laser device's results — was not preserved for appellate review. On appeal, Van Nort argues that the state did not prove that Sergeant Blackmon is certified to operate the laser device, that the laser device met certain performance specifications, that the

---

[2] See *Johnson v. State,* 146 Ga. App. 277, 279-280 (2) (246 SE2d 363) (1978) (legislature has power to modify the rules of evidence).

[3] OCGA § 40-14-17.

State Patrol possesses a license in compliance with Federal Communications Commission rules, and that the laser device used was certified by a technician.

At his trial, however, Van Nort raised none of these specific arguments either during or after the state's presentation of its evidence. And in the absence of such objections, he of course invoked no rulings by the trial court on any of these issues. Nevertheless, Van Nort contends that he may still raise these issues on appeal based on *Johnson v. State*,[4] which held that a defendant in a speeding case could raise the admissibility of radar test results on appeal even though he had failed to object to them at trial.

But Van Nort's reliance on *Johnson* is misplaced because that case has been overruled.[5] Now, as with other issues of evidence admissibility, a defendant must invoke a ruling from the court on the admissibility of radar evidence in order to preserve the issue for appeal.[6] Likewise, any specific objection to the admissibility of laser evidence must be made in, and ruled upon by, the trial court in order for the issue to be subject to review on appeal. Because Van Nort failed to invoke a ruling by the trial court on the issues he now seeks to raise, there is nothing for us to review.[7]

3. Because of our holdings in Divisions 1 and 2, we need not address Van Nort's argument that if the court had suppressed the laser evidence of speed, there would not have been enough evidence to convict him.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 7, 2001.

*Mumford, Myers & Mooney, T. Kevin Mooney*, for appellant.
*Joseph J. Drolet, Solicitor-General, Ebony A. Phillips, Katherine Diamandis, Assistant Solicitors-General*, for appellee.

---

[4] 189 Ga. App. 192 (375 SE2d 290) (1988).
[5] See *Carver v. State*, 208 Ga. App. 405, 406 (1) (430 SE2d 790) (1993), overruled in part on other grounds, *Felix v. State*, 271 Ga. 534, 540 (523 SE2d 1) (1999).
[6] *Nairon v. State*, 215 Ga. App. 76, 77 (2) (449 SE2d 634) (1994); *Carver*, supra.
[7] See *Turner v. State*, 236 Ga. App. 592, 594 (1) (512 SE2d 699) (1999).